United States Court of Appeals
Fifth Circuit

**F I L E D**

February 13, 2007

Charles R. Fulbruge III
Clerk

*In The United States Court Of Appeals*
*For The Fifth Circuit*

No. 05-21050

CORNELIUS C. SULLIVAN, D.D.S.,

Plaintiff - Appellant,

v.

UNIVERSITY OF TEXAS HEALTH SCIENCE CENTER AT HOUSTON DENTAL BRANCH; PETER T. TRIOLO, JR., D.D.S., CATHERINE M. FLAITZ, D.D.S.; JAMES T. WILLERSON, Medical Doctor,

Defendants - Appellees.

Appeal from the United States District Court
For the Southern District of Texas
No. 4:05-CV-03254

Before GARWOOD, DENNIS, and OWEN, Circuit Judges.

PER CURIAM:[*]

The plaintiff filed an employment discrimination suit against a state agency and individual defendants, and the district court granted the defendants' motion to dismiss pursuant to the Eleventh Amendment. We affirm.

Cornelius Sullivan filed an age discrimination charge with the EEOC after his employer, the University of Texas Health Science Center at Houston Dental Branch

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

(UTHSC), allegedly terminated his employment in violation of federal law. The EEOC later transmitted a copy of the charge to the Civil Rights Division of the Texas Workforce Commission. As part of its investigation into Sullivan's claims, the EEOC requested certain documents and responses from UTHSC. In response to these requests, UTHSC submitted various documents, including a "position statement" and a list of faculty members. Notably, at no point during the EEOC investigation did UTHSC allege that it was entitled to immunity from Sullivan's claims under the Eleventh Amendment. The EEOC subsequently issued a dismissal and notice of rights in which it claimed to be unable to conclude whether UTHSC violated any statutes. Sullivan then filed a complaint in federal district court alleging state law defamation as well as discrimination in violation of the Age Discrimination in Employment Act of 1967 (ADEA). Sullivan named UTHSC and three individual UTHSC administrative officers as defendants. The defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), arguing that the Eleventh Amendment barred Sullivan's suit. The court granted the motion and dismissed all claims without explanation. Sullivan appeals.

We review Eleventh Amendment immunity determinations de novo.[1] It is undisputed that UTHSC, as an arm of the state, is entitled to Eleventh Amendment immunity absent Congressional abrogation or voluntary waiver.[2] Sullivan has failed to argue on appeal that

---

[1]*United States v. Tex. Tech Univ.*, 171 F.3d 279, 288 (5th Cir. 1999).

[2]*See Mt. Healthy City School Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977).

the individual defendants are not entitled to immunity, nor has he argued that his state law defamation claims against the individual defendants should not have been dismissed. Accordingly, he has waived these potential arguments and we do not address them.[3]

In *Kimel v. Florida Board of Regents*, the Court held that the ADEA does not abrogate Eleventh Amendment immunity because the ADEA could not be enacted pursuant to section five of the Fourteenth Amendment.[4] Sullivan therefore argues that the State of Texas, through various actions, has voluntarily waived its Eleventh Amendment immunity from ADEA claims. Sullivan first argues that the defendants waived Eleventh Amendment immunity by participating in the EEOC investigation without raising an immunity defense. According to Sullivan, the defendants submitted themselves to federal jurisdiction under the EEOC and thus were required to raise their Eleventh Amendment immunity in order to avoid waiving the defense. Sullivan cites no authority for this argument, and we find it contrary to our established precedent.

As we recently noted in *Meyers ex rel. Benzig v. Texas*, a State waives Eleventh Amendment immunity "either if (1) the state voluntarily invokes federal court jurisdiction, or (2) the state makes a 'clear declaration' that it intends to submit itself to federal court jurisdiction."[5] The defendants' failure to raise the defense in the EEOC proceedings is not

---

[3]*See United States v. Thames*, 214 F.3d 608, 612 n.3 (5th Cir. 2000); *see also* FED. R. APP. P. 28(a)(9)(A).

[4]528 U.S. 62, 83-84 (2000).

[5]410 F.3d 236, 241 (5th Cir. 2005) (citing *Coll. Sav. Bank v. Fl. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675-76 (1999)).

3

a "voluntary invocation" of federal court jurisdiction.[6] Likewise, the failure to raise the argument is not a "clear declaration" that the State waived its Eleventh Amendment immunity. Sullivan claims that the defendants, in "voluntarily appear[ing], respond[ing], and actively participat[ing]" in the EEOC investigation, gave a "clear declaration" that they intended to submit to federal court jurisdiction. However, the "clear declaration" that *Meyers* references is some type of *statutory* declaration of the State's intention to be bound. A State makes a clear declaration of its intent to waive Eleventh Amendment immunity "only where stated 'by the most express language or by such overwhelming implication *from the text* as [will] leave no room for any other reasonable construction.'"[7] In this case, the defendants' participation in the EEOC proceedings is in no way related to a statutory declaration of any intention to submit to federal court jurisdiction.

Sullivan also argues that since the defendants failed to request a referral or deferral of Sullivan's complaint from the EEOC to the Texas Workforce Commission, they necessarily "declared" their intention to submit to federal court jurisdiction because they agreed that the EEOC would handle the claims. This argument fails for two reasons. First, it appears to implicate the theory of constructive waiver, under which a party will be deemed to have waived immunity through its actions. To the extent that Sullivan is relying on a constructive waiver theory his argument must fail, as the Supreme Court has explicitly

---

[6]*See Gunter v. Atl. Coast Line R.R. Co.*, 200 U.S. 273, 286 (1906); *Lapides v. Bd. of Regents of the Univ. Sys. of Ga.*, 535 U.S. 613, 624 (2002); *Meyers*, 410 F.3d at 250.

[7]*Edelman v. Jordan*, 415 U.S. 651, 673 (1974) (citation omitted) (emphasis added).

4

rejected the theory in the Eleventh Amendment immunity context.[8]

Second, it fails to distinguish between the EEOC and a federal district court. Sullivan argues that since filing with the EEOC is a prerequisite to filing in the district court,[9] the defendants' participation in the EEOC proceeding is tantamount to a "submi[ssion of] its rights for judicial determination."[10] Sullivan cites no authority for this proposition and otherwise fails to make a compelling argument for it. Furthermore, the EEOC does not retain independent adjudicatory authority. Rather, its authority is limited to "endeavor[ing] to eliminate any such alleged unlawful employment practice by *informal* methods of conference, conciliation, and persuasion."[11] It is only if these informal methods fail that the EEOC can sue in federal court *as a plaintiff*.[12] Thus, there is little reason to equate the EEOC investigation with proceedings in a district court, and it is incorrect to say that the defendants, by participating in the EEOC investigation, necessarily agreed to submit their rights for *judicial* determination. They certainly did not make a "clear declaration" to that effect.

Sullivan also argues that Texas has statutorily waived Eleventh Amendment immunity

---

[8]*Coll. Sav. Bank*, 527 U.S. at 683-84.

[9]*See* 29 U.S.C. § 626(d) (2000) ("No civil action may be commenced by an individual under this section until 60 days after a charge alleging unlawful discrimination has been filed with the Equal Employment Opportunity Commission.").

[10]*See Meyers*, 410 F.3d at 244 (citing *Gunter*, 200 U.S. at 284-85).

[11]42 U.S.C. § 2000e–5(b) (2000) (emphasis added).

[12]42 U.S.C. § 2000e–5(f)(1) (2000).

from ADEA claims. The standard for determining whether a State has statutorily waived Eleventh Amendment immunity is a strict one.[13] As stated previously, "[t]he Court will give effect to a State's waiver of Eleventh Amendment immunity only where stated by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction."[14] Sullivan argues that Texas has specifically waived its right to sovereign immunity from ADEA claims through various provisions in the Texas Labor Code. However, none of the provisions Sullivan cites contain any "express language" that waives Eleventh Amendment immunity from ADEA claims.[15] Nor is there an "overwhelming implication from the text" that Texas has waived Eleventh Amendment immunity. At most, the statutes Sullivan cites imply that Texas has agreed to share jurisdiction over employment discrimination charges brought before state or federal administrative agencies. Sullivan relies on *Port Authority Trans-Hudson v. Feeney*[16] to show that jurisdictional provisions can waive Eleventh Amendment immunity, but his reliance is misplaced. In *Feeney*, the statutory provisions at issue specifically said that the States "consent to suit."[17] Since none of the provisions Sullivan cites makes any "clear declaration"

---

[13]*See Coll. Sav. Bank*, 527 U.S. at 675.

[14]*Port Auth. Trans-Hudson v. Feeney,* 495 U.S. 299, 305 (1990) (quotations omitted).

[15]*See* TEX. LABOR CODE ANN. §§ 21.005, 21.201(a), 21.100, 21.204(b), 21.211. (1996 & Supp. 2005).

[16]495 U.S. at 299.

[17]*Id.* at 302-03 (1990).

6

of Texas's consent to be sued, *Feeney* does not support his claims. Because Sullivan fails to show any "clear declaration" or the existence of any "overwhelming implication," we reject his statutory waiver arguments.

Sullivan next argues Texas waived its Eleventh Amendment immunity from ADEA claims by accepting federal funding. He bases this argument on the alleged "plain language" of 42 U.S.C. § 2000d-7(a)(1), under which "[a] State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973 [29 U.S.C.A. § 794], title IX of the Education Amendments of 1972 [20 U.S.C.A. § 1681 et seq.], the Age Discrimination Act of 1975 [42 U.S.C.A. § 6101 et seq.], title VI of the Civil Rights Act of 1964 [42 U.S.C.A. § 2000d et seq.], *or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.*"[18] Sullivan claims this statute says that a State, by accepting federal funds in whatever form, waives Eleventh Amendment immunity against discrimination suits.

An accurate reading of 42 U.S.C. § 2000d-7(a)(1) invalidates Sullivan's argument. The question is whether the ADEA is a "Federal statute prohibiting discrimination by recipients of Federal financial assistance." Clearly it is not. The ADEA prohibits age discrimination by "employers," not by those who receive federal financial assistance. The fact that many employers receive federal assistance does not mean that the ADEA is a

---

[18] 42 U.S.C. § 2000d-7(a)(1) (2000) (emphasis added).

"statute prohibiting discrimination by recipients of Federal financial assistance." Texas's general acceptance of federal funding does not waive its Eleventh Amendment immunity from discrimination suits.

* * * * *

Congress has not abrogated Eleventh Amendment immunity from ADEA claims, and Texas has not voluntarily waived its immunity. Sullivan's suit is therefore barred by the Eleventh Amendment. We AFFIRM.