# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-05-00527-CV

**Robert J. Klebe, Appellant**

**v.**

**University of Texas System, University of Texas Health Science Center at San Antonio, and Brian Herman, Appellees**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT NO. GN403520, HONORABLE PETER M. LOWRY, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Robert Klebe brings this interlocutory appeal in his age discrimination suit against the University of Texas System, the University of Texas Health Science Center, and Brian Herman, former Chair of the Department of Cellular and Structural Biology at the Health Science Center. The trial court granted appellees' plea to the jurisdiction and dismissed Klebe's suit. In two issues, Klebe complains that the trial court erred in finding that his complaint was filed too late and in finding that sovereign immunity barred his federal complaint from being brought in state court. We affirm the trial court's judgment.

## Background

Klebe was a tenured faculty member in the Department of Cellular and Structural Biology at the University of Texas Health Science Center at San Antonio, a component institution

of the University of Texas System. Klebe's immediate supervisor at all relevant times was Brian Herman, Chair of the Department of Cellular and Structural Biology.

Sometime in 1998, Herman notified tenured faculty members who were engaged in research that, under departmental policy, they needed to secure outside funding for part of their salaries. On June 20, 2003, Herman sent Klebe a letter informing Klebe that his salary would be reduced by 25% effective September 1, 2003. The letter included the exact reduction in annual and monthly pay. It also discussed the reason for the reduction as Klebe's failure to raise adequate outside funding and was accompanied by Klebe's faculty evaluations for the past four years. On September 1, 2003, his salary was reduced by 25%.

On January 29, 2004, Klebe filed a complaint with the Equal Employment Opportunity Commission (EEOC) alleging age discrimination as the motivating factor for his salary reduction. Klebe listed September 1, 2003, the effective date of the reduction, as the date on which the discriminatory act occurred. This complaint was filed 220 days after Herman's notification letter to Klebe about the pay decision, and 151 days after the reduction went into effect. The EEOC issued a notice of right to sue on August 24, 2004, and Klebe filed his original petition on October 22, 2004.

Klebe's original petition claimed age discrimination under the Texas Labor Code. *See* Tex. Lab. Code Ann. §§ 21.001-.556 (West 2006). Klebe alleged that the salary reduction was being used to fund salaries for younger faculty because of a budgetary freeze on funds to hire new faculty and that he "had no duty to work as a fundraiser." Appellees filed a plea to the jurisdiction alleging that Klebe's complaint was untimely filed because it was filed over 180 days after Herman had informed Klebe of the decision to reduce his salary. Klebe filed a first and then a second

2

amended petition adding a claim under the federal Age Discrimination in Employment Act (ADEA). *See* 20 U.S.C.A. §§ 621-634 (West 1999 & Supp. 2007). He argued that the ADEA claim granted him 300 days to file both the state and federal complaints with the EEOC. Accordingly, he asserts that both claims were timely filed whether the limitations period began when Herman informed him of the reduction on June 20, or when the reduction went into effect on September 1.

On August 2, 2005, the trial court sustained appellees' plea to the jurisdiction and dismissed Klebe's claims under the Texas Labor Code and the ADEA. Klebe timely filed a notice of appeal from the order on August 5, 2005.

## Discussion

### *Standard of review*

A challenge to the trial court's subject matter jurisdiction may be asserted in a plea to the jurisdiction. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225-26 (Tex. 2004). Orders sustaining a plea to the jurisdiction are reviewed de novo. *Sweeny v. Jefferson*, 212 S.W.3d 556, 561 (Tex. App.—Austin 2006, no pet.). We do not weigh the merits of the claim but consider only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. *County of Cameron v. Brown,* 80 S.W.3d 549, 555 (Tex. 2002). A plaintiff must allege facts affirmatively demonstrating the trial court's jurisdiction to hear the case. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 443-44 (Tex. 1993). We construe the pleadings liberally in the plaintiff's favor and look to the pleader's intent. *Miranda*, 133 S.W.3d at 226. We accept all plaintiff's allegations as true and consider only the evidence pertinent to the jurisdictional inquiry. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 555 (Tex. 2000).

3

If the pleadings affirmatively negate the existence of jurisdiction, then a plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Brown*, 80 S.W.3d at 555. On the other hand, when a plaintiff fails to plead facts sufficient to establish jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. *Id*. If a plaintiff has been provided a reasonable opportunity to amend and the amended pleadings still do not allege facts sufficient to invoke jurisdiction, then the trial court should dismiss the plaintiff's action with prejudice. *See Harris County v. Sykes,* 136 S.W.3d 635, 639 (Tex. 2004).

***Texas Labor Code complaint***

Texas law prohibits age discrimination in employment. Tex. Lab. Code Ann. § 21.051 (West 2006). Aggrieved parties must file a complaint with the Civil Rights Division of the Texas Workforce Commission[1] no later than 180 days after the alleged unlawful employment practice occurred. *Id*. §§ 21.0015, 21.202. Failure to file a timely complaint with the commission deprives the trial court of subject-matter jurisdiction. *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 486 (Tex. 1991) (citing *Green v. Aluminum Co. of Am.*, 760 S.W.2d 378, 380 (Tex. App.—Austin 1988, no writ)).[2] Because one purpose of the Commission on Human Rights

---

[1] Such complaints were formerly filed with the Texas Commission on Human Rights. *See* Tex. Lab. Code Ann. § 21.0015 (West 2006) (transferring responsibility to Texas Workforce Commission).

[2] In *Texas Department of Protective & Regulatory Services v. Lynn*, this Court discussed the continued viability of cases holding that the 180 day filing requirement implicated the trial court's subject-matter jurisdiction in light of recent cases expressing reluctance to characterize statutory elements or prerequisites as jurisdictional. No. 03-04-00635-CV, 2005 Tex. App. LEXIS 6682, at *14 (Tex. App.—Austin Aug. 19, 2005, pet. denied) (mem. op.) (discussing *Dubai Petroleum Co.*

4

Act is to harmonize Texas law with federal laws addressing discrimination, federal case law may be cited as authority. *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996).

Klebe contends that he had 300 days, not 180, to file his labor code complaint because he was also filing a claim under federal law. He argues that filing both complaints with the Equal Employment Opportunity Commission gave him the 300 day timetable for both.[3] Federal and state courts have consistently rejected this contention. *See Pope v. MCI Telecomm. Corp.*, 937 F.2d 258, 264 (5th Cir. 1991) (holding that state law claims are governed by state, not federal, limitations periods); *DeMoranville v. Specialty Retailers, Inc.*, 909 S.W.2d 90, 92 (Tex. App.—Houston [14th Dist.] 1995), *rev'd on other grounds*, 933 S.W.2d 490 (Tex. 1996) (holding that "[a]lthough the Age Discrimination in Employment Act . . . has extended the time for filing to 300 days, the Texas time period is not affected."). Klebe's labor code claim was governed by the 180 day state law limitation period. Tex. Lab. Code Ann. § 21.202.

The limitation period begins when the employee is informed of the allegedly discriminatory employment decision, not when that decision "comes to fruition." *Specialty Retailers, Inc.*, 933 S.W.2d at 490. Determining when the employer informs the employee is based

---

*v. Kazi*, 12 S.W.3d 71, 76-77 (Tex. 2000), and its progeny). *Lynn* distinguished the statutory requirements in those cases from the Commission on Human Rights Act's administrative process, which the supreme court has squarely held to be an exhaustion of remedies requirement. *Id.* (citing *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 485-88 (Tex. 1991)). Failure to exhaust administrative remedies remains truly a jurisdictional requirement. *Id.*

[3] Because Texas is a deferral state, if an employee wishes to pursue a federal claim such as the ADEA, the time limit for filing that complaint with the EEOC is 300 days. This allows relevant state agencies to address the allegations first. *See Stanley Stores, Inc. v. Chavana*, 909 S.W.2d 554, 557 (Tex. App.—Corpus Christi 1995, writ denied). For the purposes of argument, appellees concede that appellant's ADEA claim was timely filed.

on an objective standard, focusing on when the employee knew, or reasonably should have known, that the adverse employment decision had been made. *Clark v. Resistoflex Co.*, 854 F.2d 762, 765 (5th Cir. 1988).

The Texas Supreme Court has held a complaint untimely filed when the employee was informed of the adverse employment decision over a year before filing her complaint. *Specialty Retailers*, 933 S.W.2d 490 (Tex. 1996). In *Specialty Retailers,* the employee was told she would be fired if her medical leave lasted longer than one year. *Id*. at 492. After one year of medical leave she was fired and filed her complaint. *Id*. The Texas Supreme Court held that the unlawful practice was the decision to fire her because of the duration of her disability; actual termination a year later was merely a result of that decision. *Id*. at 493. Because she was informed of the policy more than 180 days before filing her complaint, it was untimely filed and deprived the trial court of jurisdiction. *Id*.

In this case, Herman's June 20 letter to Klebe was very specific concerning the adverse employment action. The letter informed Klebe of the percentage reduction and also translated that reduction into dollars and cents. The letter gave a specific implementation date and a specific reason for the reduction. At this point, Klebe knew or should have known that an adverse employment decision had been made.[4]

However, Klebe makes general assertions that there was no authority to reduce his salary and that the Regent's Rules concerning the timing of any changes in employment contracts

---

[4] Klebe's pleadings contended that the very decision to impose a fund raising requirement, which occurred in 1998, was an act of age discrimination in that it was more difficult for older professors to secure grant funding than for younger professors.

were not followed. The State asserts that appropriate policies were followed. Although not cited in the briefs, this Court has a recent case discussing the authority to make a decision as that might impact notice.

*Texas Parks & Wildlife Department v. Dearing* involved an adverse job reclassification. 150 S.W.3d 452, 458-59 (Tex. App.—Austin 2004, pet. denied). In *Dearing*, state law prohibited the employer from reclassifying jobs if reclassification would result in lowered pay. *Id*. at 458. In anticipation of new legislative authority to make such reclassifications, the employer held group meetings with employees to discuss the employer's plans to reclassify certain positions. *Id*. About a month later the state legislature granted authority to make such reclassifications, which the employer did. *Id*.

An employee who alleged that his job was reclassified based on improper age considerations filed a complaint with the Texas Commission on Human Rights less than 180 days after the reclassifications went into effect. *Id*. The employer claimed the complaint was untimely because the limitations period started when the employee was informed of the possible reclassifications at the group meetings, which were held more than 180 days before the complaint was filed. *Id*.

This Court disagreed for two reasons. First, this court found that the alleged notice at the meetings was equivocal. *Id*. at 459. It was a fact question whether the employee should have reasonably known that the decision had been made to reclassify *his* job at that time. *Id*. Second, this court found that the employee could not have been "informed" of the decision at the meetings because at that time state law prohibited the employer from making the decision at all. *Id*.

7

Distinguishing *Specialty Retailers*, we noted that it "concerned an employer's established company policy and unequivocal communication to the employee that the policy would be enforced as to her." *Id*. In contrast, *Dearing* concerned equivocal communication of "an employer's decision to take future action based on new legislation giving it authority for the first time to do so." *Id*.

Klebe has not brought himself within *Dearing*'s ambit. Klebe asserted, in a general sense, that his employer did not have the authority to change his job conditions, based in part on his contention that his "contract" consisted in party of having a lower pay than the private sector but security in his job conditions. He also claimed that the Regent's Rules were not followed with regard to the timing of the change. However, none of Klebe's claims involve the same kind of legislative *prohibition* as was at issue in *Dearing*. Even accepting Klebe's pleadings as true and construing them liberally in his favor, the best they can show is that his employers may not have strictly followed internal procedures. They do not show that his employers were prohibited by state law from reducing his pay the same way state law prohibited the *Dearing* employer. As of the June 20, 2003 letter, Klebe knew or reasonably should have known that appellees had decided to reduce his pay. Thus, he was informed of the alleged unlawful employment decision and the limitation period started on that date. Because he filed his complaint on January 29, 2004, over 180 days after the June 20, 2003 letter, his complaint was untimely and deprived the trial court of subject-matter jurisdiction to hear his claim. He had numerous opportunities to amend his pleadings to present facts

8

sufficient to invoke the trial court's jurisdiction and failed to do so.[5]  Accordingly, we affirm the trial court's order granting appellees' plea to the jurisdiction and dismissing Klebe's state law claim.

### ADEA claim

The Eleventh Amendment bars state court suits for damages against the State for violation of federal law.  *Alden v. Maine*, 527 U.S. 706, 712 (1999).  The bar may be lifted by Congressional abrogation or state waiver.  *Id*. at 755-756.  The ADEA does not abrogate Eleventh Amendment immunity because the ADEA could not be enacted pursuant to section five of the Fourteenth Amendment.  *Kimel v. Florida*, 528 U.S. 62, 83-84 (2000).  A state may waive its Eleventh Amendment immunity if the state voluntarily invokes federal court jurisdiction or makes a "clear declaration" that it intends to submit itself to federal court jurisdiction.  *Meyers ex rel. Benzig v. Texas*, 410 F.3d 236, 241 (5th Cir. 2005).  The "clear declaration" to which *Meyers* refers is some type of statutory declaration of the State's intent to be bound.  *Sullivan v. University of Tex. Health Science Ctr.*, 217 Fed. Appx. 391, 2007 U.S. App. LEXIS 3190 (5th Cir. 2007).  A "clear declaration" is made only when stated by "the most express language or by such overwhelming implication from the text as will leave no room for any other reasonable construction."  *Edelman v. Jordan*, 415 U.S. 651, 673 (1974).

Therefore, Klebe must show that Texas has waived its sovereign immunity for suits under the ADEA.  He offers no legislative pronouncement that expressly authorizes such a suit.

---

[5]  Klebe had multiple opportunities to do so:  he amended his pleadings twice and filed a reply and a post-submission brief in opposition to the plea to the jurisdiction.

Rather, he claims that there is an implied waiver in the Texas Commission on Human Rights Act (the Act) for all age discrimination claims, including the ADEA.

The Act provides a limited waiver of sovereign immunity when a governmental unit has committed employment discrimination on the basis of race, color, disability, religion, sex, national origin, or age. Tex. Lab. Code Ann. § 21.002 (8)(D) (defining "employer" to include political subdivision of state or county, municipality, state agency), § 21.051 (outlining circumstances under which "employer" commits unlawful employment practice); *Texas Dep't of Criminal Justice v. Cooke*, 149 S.W.3d 700, 704 (Tex. App.—Austin 2004, no pet.). However, the "complainant" who is authorized to bring such a suit, Tex. Lab. Code Ann. § 21.254, is defined as "an individual who brings an action or proceeding under *this chapter*." *Id*. § 21.002 (4) (emphasis added). Therefore, the plain language of the act appears to limit its waiver to suits brought under the Texas Act, not the ADEA. Accordingly, Klebe has not shown the kind of "express language" or "overwhelming implication" required to establish a waiver of Eleventh Amendment immunity. We overrule his second issue.

### Conclusion

We have found Klebe's state law claim barred by untimely filing of the administrative complaint and his ADEA claim barred by state sovereign immunity. Therefore, we affirm in its entirety the trial court's judgment granting appellee's first amended plea to the jurisdiction and dismissing appellant's claims under the Texas Labor Code and the Age Discrimination in Employment Act.

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Pemberton and Waldrop

Affirmed

Filed:   July 31, 2007

11