TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-05-00527-CV






Robert J. Klebe, Appellant



v.



University of Texas System, University of Texas Health Science Center at San Antonio,

and Brian Herman, Appellees





FROM THE DISTRICT COURT OF TRAVIS COUNTY, 353RD JUDICIAL DISTRICT


NO. GN403520, HONORABLE PETER M. LOWRY, JUDGE PRESIDING 






M E M O R A N D U M O P I N I O N



 Robert Klebe brings this interlocutory appeal in his age discrimination suit against
the University of Texas System, the University of Texas Health Science Center, and Brian Herman,
former Chair of the Department of Cellular and Structural Biology at the Health Science Center. The
trial court granted appellees' plea to the jurisdiction and dismissed Klebe's suit. In two issues, Klebe
complains that the trial court erred in finding that his complaint was filed too late and in finding that
sovereign immunity barred his federal complaint from being brought in state court. We affirm the
trial court's judgment.


 Background



 Klebe was a tenured faculty member in the Department of Cellular and Structural
Biology at the University of Texas Health Science Center at San Antonio, a component institution
of the University of Texas System. Klebe's immediate supervisor at all relevant times was Brian
Herman, Chair of the Department of Cellular and Structural Biology.

 Sometime in 1998, Herman notified tenured faculty members who were engaged in
research that, under departmental policy, they needed to secure outside funding for part of their
salaries. On June 20, 2003, Herman sent Klebe a letter informing Klebe that his salary would be
reduced by 25% effective September 1, 2003. The letter included the exact reduction in annual and
monthly pay. It also discussed the reason for the reduction as Klebe's failure to raise adequate
outside funding and was accompanied by Klebe's faculty evaluations for the past four years. On
September 1, 2003, his salary was reduced by 25%.

 On January 29, 2004, Klebe filed a complaint with the Equal Employment
Opportunity Commission (EEOC) alleging age discrimination as the motivating factor for his salary
reduction. Klebe listed September 1, 2003, the effective date of the reduction, as the date on which
the discriminatory act occurred. This complaint was filed 220 days after Herman's notification letter
to Klebe about the pay decision, and 151 days after the reduction went into effect. The EEOC issued
a notice of right to sue on August 24, 2004, and Klebe filed his original petition on October 22, 2004.

 Klebe's original petition claimed age discrimination under the Texas Labor Code. 
See Tex. Lab. Code Ann. §§ 21.001-.556 (West 2006). Klebe alleged that the salary reduction was
being used to fund salaries for younger faculty because of a budgetary freeze on funds to hire new
faculty and that he "had no duty to work as a fundraiser." Appellees filed a plea to the jurisdiction 
alleging that Klebe's complaint was untimely filed because it was filed over 180 days after Herman
had informed Klebe of the decision to reduce his salary. Klebe filed a first and then a second
amended petition adding a claim under the federal Age Discrimination in Employment Act (ADEA). 
See 20 U.S.C.A. §§ 621-634 (West 1999 & Supp. 2007). He argued that the ADEA claim granted
him 300 days to file both the state and federal complaints with the EEOC. Accordingly, he asserts
that both claims were timely filed whether the limitations period began when Herman informed him
of the reduction on June 20, or when the reduction went into effect on September 1.

 On August 2, 2005, the trial court sustained appellees' plea to the jurisdiction and
dismissed Klebe's claims under the Texas Labor Code and the ADEA. Klebe timely filed a notice
of appeal from the order on August 5, 2005.


Discussion



Standard of review

 A challenge to the trial court's subject matter jurisdiction may be asserted in a plea to
the jurisdiction. Texas Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 225-26 (Tex. 2004). 
Orders sustaining a plea to the jurisdiction are reviewed de novo. Sweeny v. Jefferson, 212 S.W.3d
556, 561 (Tex. App.--Austin 2006, no pet.). We do not weigh the merits of the claim but consider
only the plaintiff's pleadings and the evidence pertinent to the jurisdictional inquiry. County of
Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). A plaintiff must allege facts affirmatively
demonstrating the trial court's jurisdiction to hear the case. Texas Ass'n of Business v. Texas Air
Control Bd., 852 S.W.2d 440, 443-44 (Tex. 1993). We construe the pleadings liberally in the
plaintiff's favor and look to the pleader's intent. Miranda, 133 S.W.3d at 226. We accept all
plaintiff's allegations as true and consider only the evidence pertinent to the jurisdictional inquiry. 
Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 555 (Tex. 2000).

 If the pleadings affirmatively negate the existence of jurisdiction, then a plea to
the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. Brown,
80 S.W.3d at 555. On the other hand, when a plaintiff fails to plead facts sufficient to establish
jurisdiction, but the petition does not affirmatively demonstrate incurable defects in jurisdiction, the
issue is one of pleading sufficiency and the plaintiff should be afforded the opportunity to amend. 
Id. If a plaintiff has been provided a reasonable opportunity to amend and the amended pleadings
still do not allege facts sufficient to invoke jurisdiction, then the trial court should dismiss the
plaintiff's action with prejudice. See Harris County v. Sykes, 136 S.W.3d 635, 639 (Tex. 2004).


Texas Labor Code complaint

 Texas law prohibits age discrimination in employment. Tex. Lab. Code Ann.
§ 21.051 (West 2006). Aggrieved parties must file a complaint with the Civil Rights Division of
the Texas Workforce Commission (1) no later than 180 days after the alleged unlawful employment
practice occurred. Id. §§ 21.0015, 21.202. Failure to file a timely complaint with the commission
deprives the trial court of subject-matter jurisdiction. Schroeder v. Texas Iron Works, Inc., 
813 S.W.2d 483, 486 (Tex. 1991) (citing Green v. Aluminum Co. of Am., 760 S.W.2d 378, 380
(Tex. App.--Austin 1988, no writ)). (2) Because one purpose of the Commission on Human Rights
Act is to harmonize Texas law with federal laws addressing discrimination, federal case law may be
cited as authority. Specialty Retailers, Inc. v. DeMoranville, 933 S.W.2d 490, 492 (Tex. 1996).

 Klebe contends that he had 300 days, not 180, to file his labor code complaint 
because he was also filing a claim under federal law. He argues that filing both complaints
with the Equal Employment Opportunity Commission gave him the 300 day timetable for both. (3) 
Federal and state courts have consistently rejected this contention. See Pope v. MCI Telecomm.
Corp., 937 F.2d 258, 264 (5th Cir. 1991) (holding that state law claims are governed by state, not
federal, limitations periods); DeMoranville v. Specialty Retailers, Inc., 909 S.W.2d 90, 92
(Tex. App.--Houston [14th Dist.] 1995), rev'd on other grounds, 933 S.W.2d 490 (Tex. 1996)
(holding that "[a]lthough the Age Discrimination in Employment Act . . . has extended the time for
filing to 300 days, the Texas time period is not affected."). Klebe's labor code claim was governed
by the 180 day state law limitation period. Tex. Lab. Code Ann. § 21.202.

 The limitation period begins when the employee is informed of the allegedly
discriminatory employment decision, not when that decision "comes to fruition." Specialty
Retailers, Inc., 933 S.W.2d at 490. Determining when the employer informs the employee is based
on an objective standard, focusing on when the employee knew, or reasonably should have known,
that the adverse employment decision had been made. Clark v. Resistoflex Co., 854 F.2d 762, 765
(5th Cir. 1988).

 The Texas Supreme Court has held a complaint untimely filed when the employee 
was informed of the adverse employment decision over a year before filing her complaint. Specialty
Retailers, 933 S.W.2d 490 (Tex. 1996). In Specialty Retailers, the employee was told she would be
fired if her medical leave lasted longer than one year. Id. at 492. After one year of medical leave
she was fired and filed her complaint. Id. The Texas Supreme Court held that the unlawful practice
was the decision to fire her because of the duration of her disability; actual termination a year
later was merely a result of that decision. Id. at 493. Because she was informed of the policy more
than 180 days before filing her complaint, it was untimely filed and deprived the trial court of
jurisdiction. Id.

 In this case, Herman's June 20 letter to Klebe was very specific concerning the
adverse employment action. The letter informed Klebe of the percentage reduction and also
translated that reduction into dollars and cents. The letter gave a specific implementation date and
a specific reason for the reduction. At this point, Klebe knew or should have known that an adverse
employment decision had been made. (4)

 However, Klebe makes general assertions that there was no authority to reduce his
salary and that the Regent's Rules concerning the timing of any changes in employment contracts
were not followed. The State asserts that appropriate policies were followed. Although not cited
in the briefs, this Court has a recent case discussing the authority to make a decision as that might
impact notice.

 Texas Parks & Wildlife Department v. Dearing involved an adverse job
reclassification. 150 S.W.3d 452, 458-59 (Tex. App.--Austin 2004, pet. denied). In Dearing, state
law prohibited the employer from reclassifying jobs if reclassification would result in lowered pay. 
Id. at 458. In anticipation of new legislative authority to make such reclassifications, the employer
held group meetings with employees to discuss the employer's plans to reclassify certain positions. 
Id. About a month later the state legislature granted authority to make such reclassifications, which
the employer did. Id.

 An employee who alleged that his job was reclassified based on improper age
considerations filed a complaint with the Texas Commission on Human Rights less than 180 days
after the reclassifications went into effect. Id. The employer claimed the complaint was untimely
because the limitations period started when the employee was informed of the possible
reclassifications at the group meetings, which were held more than 180 days before the complaint
was filed. Id.

 This Court disagreed for two reasons. First, this court found that the alleged notice
at the meetings was equivocal. Id. at 459. It was a fact question whether the employee should have
reasonably known that the decision had been made to reclassify his job at that time. Id. Second, this
court found that the employee could not have been "informed" of the decision at the meetings
because at that time state law prohibited the employer from making the decision at all. Id. 
Distinguishing Specialty Retailers, we noted that it "concerned an employer's established company
policy and unequivocal communication to the employee that the policy would be enforced as to her."
Id. In contrast, Dearing concerned equivocal communication of "an employer's decision to take
future action based on new legislation giving it authority for the first time to do so." Id.

 Klebe has not brought himself within Dearing's ambit. Klebe asserted, in a general
sense, that his employer did not have the authority to change his job conditions, based in part on his
contention that his "contract" consisted in party of having a lower pay than the private sector but
security in his job conditions. He also claimed that the Regent's Rules were not followed with
regard to the timing of the change. However, none of Klebe's claims involve the same kind of
legislative prohibition as was at issue in Dearing. Even accepting Klebe's pleadings as true and
construing them liberally in his favor, the best they can show is that his employers may not have
strictly followed internal procedures. They do not show that his employers were prohibited by state
law from reducing his pay the same way state law prohibited the Dearing employer. As of the June
20, 2003 letter, Klebe knew or reasonably should have known that appellees had decided to reduce
his pay. Thus, he was informed of the alleged unlawful employment decision and the limitation
period started on that date. Because he filed his complaint on January 29, 2004, over 180 days after
the June 20, 2003 letter, his complaint was untimely and deprived the trial court of subject-matter
jurisdiction to hear his claim. He had numerous opportunities to amend his pleadings to present facts
sufficient to invoke the trial court's jurisdiction and failed to do so. (5) Accordingly, we affirm the trial
court's order granting appellees' plea to the jurisdiction and dismissing Klebe's state law claim.


ADEA claim


 The Eleventh Amendment bars state court suits for damages against the State for
violation of federal law. Alden v. Maine, 527 U.S. 706, 712 (1999). The bar may be lifted by
Congressional abrogation or state waiver. Id. at 755-756. The ADEA does not abrogate Eleventh
Amendment immunity because the ADEA could not be enacted pursuant to section five of
the Fourteenth Amendment. Kimel v. Florida, 528 U.S. 62, 83-84 (2000). A state may waive its
Eleventh Amendment immunity if the state voluntarily invokes federal court jurisdiction or makes
a "clear declaration" that it intends to submit itself to federal court jurisdiction. Meyers ex rel.
Benzig v. Texas, 410 F.3d 236, 241 (5th Cir. 2005). The "clear declaration" to which Meyers refers
is some type of statutory declaration of the State's intent to be bound. Sullivan v. University of Tex.
Health Science Ctr., 217 Fed. Appx. 391, 2007 U.S. App. LEXIS 3190 (5th Cir. 2007). A "clear
declaration" is made only when stated by "the most express language or by such overwhelming
implication from the text as will leave no room for any other reasonable construction." Edelman
v. Jordan, 415 U.S. 651, 673 (1974).

 Therefore, Klebe must show that Texas has waived its sovereign immunity for suits
under the ADEA. He offers no legislative pronouncement that expressly authorizes such a suit. 
Rather, he claims that there is an implied waiver in the Texas Commission on Human Rights Act
(the Act) for all age discrimination claims, including the ADEA.

 The Act provides a limited waiver of sovereign immunity when a governmental
unit has committed employment discrimination on the basis of race, color, disability, religion,
sex, national origin, or age. Tex. Lab. Code Ann. § 21.002 (8)(D) (defining "employer" to include
political subdivision of state or county, municipality, state agency), § 21.051 (outlining
circumstances under which "employer" commits unlawful employment practice); Texas Dep't of
Criminal Justice v. Cooke, 149 S.W.3d 700, 704 (Tex. App.--Austin 2004, no pet.). However, the
"complainant" who is authorized to bring such a suit, Tex. Lab. Code Ann. § 21.254, is defined as
"an individual who brings an action or proceeding under this chapter." Id. § 21.002 (4) (emphasis
added). Therefore, the plain language of the act appears to limit its waiver to suits brought under
the Texas Act, not the ADEA. Accordingly, Klebe has not shown the kind of "express language"
or "overwhelming implication" required to establish a waiver of Eleventh Amendment immunity. 
We overrule his second issue.


 Conclusion



 We have found Klebe's state law claim barred by untimely filing of the administrative
complaint and his ADEA claim barred by state sovereign immunity. Therefore, we affirm in its
entirety the trial court's judgment granting appellee's first amended plea to the jurisdiction and
dismissing appellant's claims under the Texas Labor Code and the Age Discrimination in
Employment Act.



 

 W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Pemberton and Waldrop


Affirmed


Filed: July 31, 2007
1. Such complaints were formerly filed with the Texas Commission on Human Rights. See
Tex. Lab. Code Ann. § 21.0015 (West 2006) (transferring responsibility to Texas Workforce
Commission).
2. In Texas Department of Protective & Regulatory Services v. Lynn, this Court discussed the
continued viability of cases holding that the 180 day filing requirement implicated the trial court's
subject-matter jurisdiction in light of recent cases expressing reluctance to characterize statutory
elements or prerequisites as jurisdictional. No. 03-04-00635-CV, 2005 Tex. App. LEXIS 6682, at
*14 (Tex. App.--Austin Aug. 19, 2005, pet. denied) (mem. op.) (discussing Dubai Petroleum Co.
v. Kazi, 12 S.W.3d 71, 76-77 (Tex. 2000), and its progeny). Lynn distinguished the statutory
requirements in those cases from the Commission on Human Rights Act's administrative process,
which the supreme court has squarely held to be an exhaustion of remedies requirement. Id. (citing
Schroeder v. Texas Iron Works, Inc., 813 S.W.2d 483, 485-88 (Tex. 1991)). Failure to exhaust
administrative remedies remains truly a jurisdictional requirement. Id.
3. Because Texas is a deferral state, if an employee wishes to pursue a federal claim such as the
ADEA, the time limit for filing that complaint with the EEOC is 300 days. This allows relevant state
agencies to address the allegations first. See Stanley Stores, Inc. v. Chavana, 909 S.W.2d 554, 557
(Tex. App.--Corpus Christi 1995, writ denied). For the purposes of argument, appellees concede
that appellant's ADEA claim was timely filed.
4. Klebe's pleadings contended that the very decision to impose a fund raising requirement, which
occurred in 1998, was an act of age discrimination in that it was more difficult for older professors
to secure grant funding than for younger professors.
5. Klebe had multiple opportunities to do so: he amended his pleadings twice and filed a reply
and a post-submission brief in opposition to the plea to the jurisdiction.