The UNIVERSITY OF TEXAS
AT DALLAS, Appellant

v.

Gary L. MATNEY, Appellee.

No. 05–08–00441–CV.

Court of Appeals of Texas,
Dallas.

March 10, 2009.

Madeleine Connor, Assistant Attorney General, Austin, for Appellant.

Edmond S. Moreland, Wimberley, Roger G. Williams, Wilson Williams Molberg & Mitchell, PC, Dallas, for Appellee.

Before Justices FRANCIS, LANG–MIERS, and MAZZANT.

## OPINION

Opinion by Justice LANG–MIERS.

The University of Texas at Dallas appeals the denial, in part, of its plea to the jurisdiction in this age discrimination lawsuit. For the reasons that follow, we affirm in part and reverse in part and render judgment for appellant.

### BACKGROUND

UT Dallas terminated Gary L. Matney's employment on June 30, 2006. Matney filed this lawsuit against UT Dallas under the Age Discrimination in Employment Act of 1967 (ADEA).[1] He sought money damages, reinstatement, and prospective injunctive relief. UT Dallas filed a plea to the jurisdiction asserting that Matney's ADEA claim was barred by the Eleventh Amendment.[2] The trial court granted the plea in part and dismissed Matney's claim for money damages, but did not grant the plea with regard to Matney's request for reinstatement or prospective injunctive relief. UT Dallas filed this interlocutory appeal arguing that the trial court should have granted its plea to the jurisdiction in its entirety and dismissed all of Matney's claims for lack of jurisdiction.[3]

### STANDARD OF REVIEW

■■■ A party may challenge the trial court's subject matter jurisdiction by filing a plea to the jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225–26 (Tex.2004). We review a trial court's decision on a plea to the jurisdiction de novo. *Id.* at 226. The plaintiff has the burden to plead facts affirmatively showing the trial court has subject matter jurisdiction. *Id.* The governmental unit then has the burden to assert and support its contention that the trial court lacks subject matter jurisdiction. *Id.* at 228. If it does so, the plaintiff must raise a material fact issue regarding jurisdiction to survive the plea to the jurisdiction. *Id.* at 228.

### DISCUSSION

■■■ The parties do not dispute that UT Dallas, as an arm of the state, has Eleventh Amendment immunity from state court suits for violations of federal law absent Congressional abrogation or voluntary waiver. *See* U.S. CONST. amend. XI; *Alden v. Maine,* 527 U.S. 706, 712, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999). The parties also agree that in *Kimel v. Florida Board of Regents,* 528 U.S. 62, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000), the Supreme Court specifically held that the abrogation of the states' Eleventh Amendment immunity for violations of the ADEA was not a valid exercise of Congress's power and that the purported abrogation of immunity was invalid. *Id.* at 91. Although Matney agreed that *Kimel* bars his claim for mon-

---

1. *See* 29 U.S.C. §§ 621–634 (2008). Matney initially sued under both the ADEA and the Texas Commission on Human Rights Act of 1983, but subsequently amended his petition to delete the state law claim.

2. The Eleventh Amendment states
   The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.
   U.S. CONST. amend. XI.

3. UT Dallas raised two issues in its appellate briefing. At oral argument, UT Dallas waived its second issue.

ey damages, he argues that it does not bar his claims for reinstatement or prospective injunctive relief. We disagree.

■ The Eleventh Amendment immunity bar applies to lawsuits against the state regardless of whether the lawsuit seeks legal or equitable relief. In fact, in *Kimel,* one of the petitioners sought injunctive relief in the district court. *See id.* at 70–71 (noting that one of petitioners sued employer under ADEA and sought "injunctive relief, backpay, and compensatory and punitive damages"). In *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100–01, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), the issue was whether the Eleventh Amendment barred claims against state officials. *See id.* at 97, 104 S.Ct. 900. The Court explained the history of Eleventh Amendment immunity, noting, "It is clear, of course, that in the absence of consent a suit in which the State or one of its agencies or departments is named as the defendant is proscribed by the Eleventh Amendment.... This jurisdictional bar applies regardless of the nature of the relief sought." *Id.* at 101–01, 104 S.Ct. 900 (internal citations omitted). The Supreme Court reiterated this position in *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.,* 506 U.S. 139, 146, 113 S.Ct. 684, 121 L.Ed.2d 605 (1993), where it noted that the Eleventh Amendment bars lawsuits against the States and their agencies "regardless of the relief sought...." *Id.* at 146, 113 S.Ct. 684 (internal citation omitted). Consequently, Matney's ADEA claim against UT Dallas is barred in its entirety unless UT Dallas voluntarily waived its sovereign immunity.

Matney argues that UT Dallas voluntarily waived its sovereign immunity by accepting federal funds. To support his argument, Matney relies on 42 U.S.C. § 2000d–7(a) (2003), which states:

A State shall not be immune under the Eleventh Amendment of the Constitution of the United States from suit in Federal court for a violation of section 504 of the Rehabilitation Act of 1973, title IX of the Education amendments of 1972, the Age Discrimination Act of 1975,[4] title VI of the Civil Rights Act of 1964, or the provisions of any other Federal statute prohibiting discrimination by recipients of Federal financial assistance.

Matney contends that this statute abrogates a state's Eleventh Amendment immunity if the state accepts federal funding for any purpose. We cannot agree.

■ A state's receipt of federal financial assistance does not automatically constitute a waiver of its immunity under the Eleventh Amendment. *Hurst v. Tex. Dep't of Assistive & Rehabilitative Servs.,* 482 F.3d 809, 811 (5th Cir.2007) (citing *South Dakota v. Dole,* 483 U.S. 203, 207–08, 107 S.Ct. 2793, 97 L.Ed.2d 171 (1987)). Instead, a waiver will be recognized in only limited circumstances, one of which requires that any condition imposed on the recipients must be unambiguous. *Id.* (citing *Dole,* 483 U.S. at 207–08, 107 S.Ct. 2793). In other words, if Congress intends to impose the condition that a state must consent to waive immunity before it receives funds under a federal-state spending program, it must state that intent clearly and unambiguously in the statute. *Id.* (citing *Atascadero State Hosp. v. Scanlon,* 473 U.S. 234, 247, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985)); *Pennhurst State Sch.*

---

**4.** The Age Discrimination Act of 1975, *see* 42 U.S.C. §§ 6101–6107 (2003 & Supp.2008), is not the same as the ADEA, *see* 29 U.S.C. §§ 621–634. The Age Discrimination Act of 1975 states, "It is the purpose of this chapter to prohibit discrimination on the basis of age in programs or activities receiving Federal financial assistance." *Id.* § 6101.

& *Hosp. v. Halderman,* 451 U.S. 1, 17, 101 S.Ct. 1531, 67 L.Ed.2d 694 (1981).

Section 2000d–7(a) abrogates a state's Eleventh Amendment immunity for violation of any of the enumerated statutes or "any other Federal statute prohibiting discrimination by recipients of Federal financial assistance." Because the ADEA is not one of the enumerated statutes, the question is whether it is a statute "prohibiting discrimination by recipients of Federal financial assistance." We conclude that it is not.

The ADEA provides:

§ 623. Prohibition of age discrimination
(a) Employer practices. It shall be unlawful for an employer—
(1) to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age;
(2) to limit, segregate, or classify his employees in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's age; or
(3) to reduce the wage rate of any employee in order to comply with this chapter.

29 U.S.C. § 623(a).

The ADEA prohibits age discrimination by employers, employment agencies, and labor organizations. *See id.* § 623(a)-(c). It says nothing about the receipt of federal funds being conditioned on a state's consent to waive immunity. *See id.* §§ 621–634. In fact, the ADEA does not purport to be a federal-state funding statute. *See id.*; *see also Halderman,* 451 U.S. at 11–14, 101 S.Ct. 1531 (explaining federal-state grant program legislation under the Developmentally Disabled Assistance & Bill of

Rights Act of 1975). And it says nothing about "prohibiting discrimination by recipients of Federal financial assistance." *See* 29 U.S.C. §§ 621–634; *Sullivan v. Univ. of Tex. Health Sci. Ctr. at Houston,* 217 Fed. Appx. 391, 394–95, 2007 WL 519744, at *3–4 (5th Cir.2007); *see also Cronen v. Tex. Dep't of Human Servs.,* 977 F.2d 934, 937–38 (5th Cir.1992) (explaining that Congress intended section 2000d–7(a) "to abrogate Eleventh Amendment immunity only for statutes that deal solely with discrimination by recipients of federal financial assistance").

We conclude that the ADEA is not a "statute prohibiting discrimination by recipients of Federal financial assistance." *See Sullivan,* 217 Fed.Appx. at 395, 2007 WL 519744, at *3. We further conclude that neither the ADEA nor section 2000d–7(a) supports Matney's argument that UT Dallas waived its immunity by accepting federal funds. We finally conclude that his claim against UT Dallas is barred in its entirety by the Eleventh Amendment and that the trial court lacked jurisdiction to hear it.

CONCLUSION

We affirm the trial court's order granting UT Dallas's plea to the jurisdiction on Matney's claim for money damages under the ADEA. We reverse the order insofar as it denies UT Dallas's plea to the jurisdiction on Matney's other claims for relief against UT Dallas under the ADEA and render judgment dismissing Matney's claims against UT Dallas for lack of jurisdiction.