

# IN THE
# TENTH COURT OF APPEALS

### No. 10-18-00094-CV

**TEXAS A&M AGRILIFE EXTENSION SERVICES,**

**Appellant**

**v.**

**WANDA S. GARCIA,**

**Appellee**

**From the 361st District Court**
**Brazos County, Texas**
**Trial Court No. 17-001596-CV-361**

## MEMORANDUM OPINION

Texas A&M AgriLife Extension Services terminated the employment of Wanda S. Garcia who then sued AgriLife for employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA) of 1990, and the Age Discrimination in Employment Act (ADEA). AgriLife filed a plea to the jurisdiction as to all of Garcia's claims. The trial court granted the plea dismissing Garcia's ADA claim and claim for punitive damages, but denied the plea as to the ADEA and Title VII claims. AgriLife appeals the trial court's denial only as to Garcia's ADEA

claim. Because the trial court erred in denying AgriLife's plea to the jurisdiction as to Garcia's ADEA claim, the trial court's order is reversed and remanded in part.

**PLEA TO THE JURISDICTION**

A plea to the jurisdiction seeks dismissal of a case or a cause of action for lack of subject matter jurisdiction. *See Harris Cty. v. Sykes*, 136 S.W.3d 635, 638 (Tex. 2004); *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Sovereign immunity from suit defeats a trial court's subject matter jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 225 (Tex. 2004). Whether a pleader has alleged facts that affirmatively demonstrate a trial court's subject matter jurisdiction is a question of law reviewed de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004). We construe the pleadings liberally in favor of the plaintiffs and look to the pleaders' intent. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 446 (Tex. 1993). A pleader must be given an opportunity to amend in response to a plea to the jurisdiction *only* if it is possible to cure a pleading defect. *Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007). However, a plaintiff's suit should be dismissed when either the pleadings alone or the jurisdictional evidence demonstrates that the plaintiff's suit incurably falls outside any waiver of sovereign immunity. *Id*.

AgriLife asserted in its plea to the jurisdiction that, as an agency of the State, it was immune from suit because the Eleventh Amendment to the United States Constitution barred Garcia's federal ADEA claim and the Texas Legislature had not waived the State's sovereign immunity against ADEA claims. In response to AgriLife's plea, Garcia asserted that the trial court had jurisdiction of Garcia's ADEA claim because she only sought

injunctive relief.  Garcia did not dispute that A&M AgriLife, as a member of the Texas A&M University System, is an agency of the State of Texas and is entitled to assert sovereign immunity.

*Immunity—Abrogation*

Our federal and state constitutional designs represent the principle of state sovereignty which shields States from private suits in their own courts and in the federal courts unless:  (1) Congress validly abrogates it; or (2) the State voluntarily waives it. *Univ. of Tex. at El Paso v. Herrera*, 322 S.W.3d 192, 195 (Tex. 2010).  The Age Discrimination in Employment Act of 1967 (ADEA), as amended, makes it unlawful for an employer, including a State, "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual . . . because of such individual's age." 29 U.S.C. § 623(a)(1); *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 66, 120 S. Ct. 631, 636 (2000).  Although the Eleventh Amendment to the United States Constitution expresses the principle of state sovereignty, it is limited by the enforcement provisions of Section 5 of the Fourteenth Amendment.  U.S. CONST. AMENDS. XI & XIV § 5; *Kimel*, 528 U.S. at 80.  Section 5 of the Fourteenth Amendment grants Congress the authority to abrogate the States' sovereign immunity.  *Id*.

It would appear that Congress, in enacting the ADEA, abrogated the States' sovereign immunity, and Garcia would be able to pursue her claim against AgriLife.  However, the United States Supreme Court has already held, and Garcia concedes this, that the ADEA's purported abrogation of the States' sovereign immunity is invalid.  *Id*.

at 91. Thus, Garcia's claim under the ADEA is barred by Eleventh Amendment immunity. Further, this bar applies regardless of whether the lawsuit seeks legal or equitable relief, such as an injunction. *Univ. of Tex. at Dallas v. Matney*, 280 S.W.3d 882, 884 (Tex. App.—Dallas 2009, no pet.).

*Immunity—Waiver*

On appeal, Garcia advances an additional argument: that AgriLife voluntarily waived its immunity to suits filed under the ADEA. Generally, we look to the legislature to waive the State's immunity which it must do by clear and unambiguous language. *See Univ. of Tex. at El Paso v. Herrera*, 322 S.W.3d 192, 201 n. 48 (Tex. 2010); *Tooke v. City of Mexia*, 197 S.W.3d 325, 328-29 n. 2 (Tex. 2006). Garcia points to nothing to show that the legislature has waived the State's immunity for suits under the ADEA. Instead, Garcia argues that AgriLife's website waived its immunity. Specifically, she contends that because the website only mentions the federal agency regarding claims of discrimination and not the State agency, the website "cannot be anything less than a waiver."

Assuming without deciding that AgriLife, rather than the Texas Legislature, can waive its own immunity, *see Herrera*, 322 S.W.3d at 201, and n. 49, or that we can address an argument not raised in the trial court by a non-movant of a plea to the jurisdiction, *see D.R. Horton-Texas, Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009) (argument not raised in response to summary judgment motion waived), nothing in the pages attached to Garcia's brief regarding the website constitutes a voluntary waiver of

immunity in "clear and unambiguous language."[1]  Thus, Garcia's ADEA claim falls outside any waiver of sovereign immunity and cannot be cured by amending her petition.  *See Tex. A&M Univ. Sys. v. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007).

**CONCLUSION**

Because Congress has not validly abrogated this State's sovereign immunity through the ADEA and the State has not voluntarily waived immunity as to the ADEA, the trial court should have granted AgriLife's plea to the jurisdiction as to Garcia's ADEA claim.  Accordingly, the trial court erred in failing to grant AgriLife's plea to the jurisdiction as to Garcia's ADEA claim, and AgriLife's sole issue is sustained.  The trial court's Order signed on February 20, 2018 is reversed to the extent that it denies AgriLife's plea to the jurisdiction on Garcia's ADEA claim and is remanded to the trial court with instructions to grant AgriLife's plea to the jurisdiction as to Garcia's ADEA claim.  The remainder of the trial court's Order is affirmed.

TOM GRAY
Chief Justice



Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Reversed and remanded in part
Opinion delivered and filed September 12, 2018
[CV06]

---

[1] Garcia attaches, as Appendix 1, a printout of the Equal Opportunity Statement which notes Federal agencies to which complaints of discrimination "also may be directed…," and, as Appendix 2, a printout of a page which contains a map, a budget chart, and a workforce chart.  We have grave doubts that the exhibits are properly before us for consideration in this appeal.  Nevertheless, we have assumed the appendices can be considered for the purpose of determining the trial court's jurisdiction as to the ADEA claim.