# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

———————

No. 16-50200
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

September 2, 2016

Lyle W. Cayce
Clerk

JOSEPH CHHIM,

      Plaintiff - Appellant

v.

UNIVERSITY OF TEXAS AT AUSTIN,

      Defendant - Appellee

———————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 1:15-CV-919

———————

Before HIGGINBOTHAM, PRADO, and HAYNES, Circuit Judges.

PER CURIAM:*

      Joseph Chhim, a pro se plaintiff, appeals the district court's dismissal of his case on motions to dismiss filed by the University of Texas at Austin (the "University"). The district court dismissed Chhim's claim for age discrimination under the Age Discrimination in Employment Act ("ADEA") for lack of subject matter jurisdiction under Federal Rule of Civil Procedure

———————

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 16-50200

12(b)(1) and Chhim's claims for unlawful employment discrimination and retaliation under Title VII of the Civil Rights Act of 1964 for failure to state a plausible claim under Federal Rule of Civil Procedure 12(b)(6). Finding no error, we AFFIRM.

We review de novo a district court's dismissal of claims under Rules 12(b)(1) and 12(b)(6). *See Machete Prods., L.L.C. v. Page*, 809 F.3d 281, 287 (5th Cir. 2015). Under the Federal Rules of Civil Procedure and relevant precedent, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The allegations pleaded must show "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We take the well-pleaded factual allegations in the complaint as true, but we do not credit conclusory allegations or allegations that merely restate the legal elements of a claim. *See id.* We hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level. *See Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002); *see also Twombly*, 550 U.S. at 555.

The district court properly dismissed Chhim's ADEA claim because the University is a state university, *see* TEX. EDUC. CODE § 67.01, and neither Congress nor Texas have waived Texas's sovereign immunity from ADEA claims, *see Sullivan v. Univ. of Tex. Health Sci. Ctr. at Hous. Dental Branch*, 217 F. App'x 391, 395 (5th Cir. 2007).[1] While Chhim asserts that an exception

---

[1] Although *Sullivan* is not "controlling precedent," it "may be [cited as] persuasive authority." *Ballard v. Burton*, 444 F.3d 391, 401 n.7 (5th Cir. 2006) (citing 5TH CIR. R. 47.5.4). Chhim's complaint initially seemed to allege age discrimination under Title VII, but he clarified before the district court and has continued to assert on appeal that his age discrimination claim was made pursuant to the ADEA. We therefore analyze this claim

No. 16-50200

to sovereign immunity applies in this case, we disagree. *See id.*; *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 91 (2000) ("[I]n the ADEA, Congress did not validly abrogate the States' sovereign immunity to suits by private individuals.").[2]

We also affirm the dismissal of Chhim's claim for discrimination based on race, color, and national origin under Title VII. *See* 42 U.S.C. § 2000e-2(a)(1) (prohibiting such discrimination). Although Chhim's claims can be somewhat difficult to discern, he seems to aver that because of his Cambodian origin, race, and color, the University hired a Hispanic applicant instead of Chhim for a Building Services Supervisor position.[3] Chhim acknowledges in his allegations that the University's given reason for not hiring Chhim was because he was not the most qualified candidate for the job, including that he did not display excellent writing skills and communication abilities. Chhim baldly alleges that this explanation is pretextual. He avers that the University

---

under the ADEA. Any claim Chhim may have wished to assert under Title VII has been waived. *See generally Mick Haig Prods. E.K. v. Does 1-670*, 687 F.3d 649, 652 (5th Cir. 2012).

[2] Chhim argues that his claims fall within the *Ex parte Young* exception to sovereign immunity. *See* 209 U.S. 123, 155–56 (1908). "To fall within the *Ex parte Young* exception to sovereign immunity, however, a plaintiff must name individual state officials as defendants in their official capacities." *Raj v. La. State Univ.*, 714 F.3d 322, 328 (5th Cir. 2013) (citing *Kentucky v. Graham*, 473 U.S. 159, 169 n.18 (1985)). Chhim did not sue individual state official defendants in their official capacities in this suit; therefore, the *Ex parte Young* exception does not apply to defeat Texas's sovereign immunity from suit.

[3] In attempting to construe Chhim's complaint liberally, *see Taylor*, 296 F.3d at 378, we have considered Chhim's explanation of the allegations in his complaint in his briefing before the district court. We have also considered documents Chhim incorporated into the complaint by reference or attached to the complaint or to his responses to the motion to dismiss, such as: right to sue letters from the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission ("TWC"); documents showing the dates on which Chhim applied to various positions with the University; a grievance that Chhim filed against the University on March 7, 2014; and documents frequently referenced and quoted in Chhim's complaint that contain the results of the TWC's investigation into Chhim's allegations. *See generally Lormand v. US Unwired, Inc.*, 565 F.3d 228, 251 (5th Cir. 2009) (noting that in ruling on Rule 12(b)(6) motions, courts may examine documents incorporated into the complaint by reference).

No. 16-50200

hired a custodian from within its own department who had over 25 years of experience and speculates that the custodian was "less qualified" than Chhim.

Although Chhim did not have to submit evidence to establish a prima facie case of discrimination at this stage, he had to plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible. *See Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013); *see also Stone v. La. Dep't of Revenue*, 590 F. App'x 332, 339 (5th Cir. 2014), *cert. denied*, 135 S. Ct. 2814 (2015). In that inquiry, it can be helpful to reference the *McDonnell Douglas*[4] framework, on which Chhim would continue to rely if he based his claim on circumstantial evidence, and under which Chhim would ultimately have to show that: (1) he is a member of a protected class; (2) he was qualified and applied for the job; (3) the employer rejected him for the job despite his qualifications; and (4) a similarly situated applicant outside the protected class was hired. *See Haskett v. T.S. Dudley Land Co.*, No. 14-41459, 2016 WL 2961790, at *2 (5th Cir. May 20, 2016) (unpublished); *Mitchell v. Crescent River Port Pilots Ass'n*, 265 F. App'x 363, 370 (5th Cir. 2008).[5]

Ultimately, Chhim fails to plead sufficient facts to make a plausible claim that the University rejected his application for the Building Services Supervisor position *because* of his race, color, or national origin. *See Raj*, 714 F.3d at 331. Chhim's allegations turn on the assertion that the University discriminatorily hired a less qualified, similarly situated applicant over Chhim. However, even taking Chhim's allegations as true and construing them liberally, we cannot "draw the reasonable inference that the [University]

---

[4] *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

[5] Although *Haskett* and *Mitchell* are not "controlling precedent," they "may be [cited as] persuasive authority." *Ballard*, 444 F.3d at 401 n.7 (citing 5TH CIR. R. 47.5.4).

4

is liable for the misconduct alleged." *Stone*, 590 F. App'x at 339; *see also Taylor*, 296 F.3d at 378.

Chhim pleads no facts that suggest the applicant hired by the University was less qualified than Chhim or was similarly situated. Chhim claims he possessed more relevant experience than the applicant chosen, but this seems based on the implicit assumption that the other applicant *only* had custodial experience with the University, and no relevant supervisory experience or superior writing and communication skills. The document Chhim attached and that he often refers to from the TWC states that the person hired "was Hispanic, Mexican-American, age 42 and has more than 25 years of experience working in the [University's] custodial department." This does not preclude the applicant from having worked in supervisory roles with the University or elsewhere, and it does not suggest that Chhim is better qualified than this applicant.[6]

Additionally, Chhim's complaint acknowledges that the University's "preferred qualifications" included a "[d]emonstrated ability to write complex documents" and "[e]xcellent written and oral communication skills," and that the University's expressed reason for not hiring Chhim was that he did not meet these requirements. Yet, Chhim's complaint contains no facts plausibly suggesting that Chhim was better or equally qualified for the supervisory position than the person the University hired, by these metrics or others. *Cf. Mitchell*, 265 F. App'x at 370. In sum, Chhim's complaint "did not allege any facts, direct or circumstantial, that would suggest [the University's] actions were based on [Chhim's] race or national origin or that [the University] treated

---

[6] Chhim briefed before the district court that his experience includes several years of training from Houston Community College and San Jacinto College in housekeeping, management, and maintenance technology, and that he has more than 17 years of experience as a custodian and custodial supervisor.

No. 16-50200

similarly situated [applicants] of other races or national origin more favorably." *Raj*, 714 F.3d at 331. We affirm the dismissal of Chhim's Title VII claim.

The district court also dismissed Chhim's retaliation allegations for failure to state a plausible claim. Chhim avers that the University did not hire him for the Building Services Supervisor position, about which Chhim was notified on March 7, 2014, in retaliation for grievances or charges Chhim filed claiming that the University was discriminating against him.[7] First, the district court correctly dismissed any attempt to argue that the charge submitted in November 2014 or the grievance submitted on March 21, 2014, could plausibly provide a basis for retaliation in the decision not to hire Chhim on March 7, 2014. The University could not have refused to hire Chhim in retaliation for grievances he had not yet filed. *See, e.g.*, *Stone*, 590 F. App'x at 341 (concluding a complaint failed to state a claim for retaliation when the adverse action occurred *before* grievances were filed, and thus the plaintiff failed to show "a causal connection between the protected activity and the adverse employment action"). This same logic applies to the grievance Chhim filed on March 7, 2014, *after* he was told that he was not hired for the Building

---

[7] Chhim also mentions other applications he submitted to the University before March 20, 2014, but explained repeatedly before the district court that he only challenges the University's failure to hire him on March 20, 2014. Additionally, Chhim's complaint and briefing refer often to a position he applied for on March 20, 2014, and seem to confuse his claims for disparate treatment and retaliation with his application on March 20. It is clear from his pleadings and the documents incorporated by reference that the Hispanic applicant to whom Chhim refers was hired instead of Chhim for the "Building Services Supervisor – Night Shift" position, for which Chhim was notified that he was not hired on March 7, 2014. His allegations and documentation do not indicate that Chhim has been formally rejected regarding the position to which he applied on March 20, 2014, as "Building Attendant Leader."

No. 16-50200

Services Supervisor position. *See id.* That leaves only Chhim's complaints of discrimination that he alleges he made in December 2013 and January 2014.[8]

We cannot consider these allegations because he failed to exhaust these claims. In order to give notice to defendants of potential claims and to ensure that the Equal Employment Opportunity Commission ("EEOC") can investigate and obtain voluntary compliance with the law, Title VII requires that claims be brought with the EEOC before courts may consider them. *See generally Pacheco v. Mineta*, 448 F.3d 783, 788–89 (5th Cir. 2006) (citing *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466–67 (5th Cir. 1970)). We construe EEOC claims liberally, but we will not consider claims that were not asserted before the EEOC or that do not fall within "the scope of the EEOC investigation which 'can reasonably be expected to grow out of the charge of discrimination'" a plaintiff makes before the EEOC. *Id.* (citation omitted).

In this case, Chhim only mentioned one grievance that he made with the University in his charge of discrimination before the EEOC—the grievance he filed in September 2014. Chhim's failure to mention any grievances that were filed before the University's decision not to hire him in March 2014 means that the scope of his retaliation charge before the EEOC and the scope of the EEOC's investigation could not reasonably be expected to reach those claims. *See id.* Chhim failed to exhaust his retaliation claims based on grievances filed in December 2013 and January 2014. We therefore affirm the district court's decision to dismiss Chhim's retaliation allegations.

AFFIRMED.

---

[8] Although Chhim did not clearly allege in his initial pleadings that he made the complaints in January 2014 and on March 7, 2014, nor that his retaliation claim was based on these complaints, we construe his pleadings liberally in light of Chhim's explanatory statements in briefing before the district court. *See Taylor*, 296 F.3d at 378.