# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20053

United States Court of Appeals
Fifth Circuit

**FILED**
March 21, 2019

Lyle W. Cayce
Clerk

SHIRLEY DAVIS,

Plaintiff - Appellant

v.

TEXAS HEALTH AND HUMAN SERVICES COMMISSION,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:17-CV-1579

Before HIGGINBOTHAM, ELROD, and HO, Circuit Judges.

PER CURIAM:*

Shirley Davis appeals the district court's dismissal of her fourth attempt to plead discrimination and retaliation claims against her former employer, the Texas Health and Human Services Commission. We affirm the district court's dismissal.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 18-20053

## I.

### A.

Davis is a sixty-three-year-old African American woman, residing in Houston, Texas. Beginning in 2007, she worked as an Independent Living Worker for the Texas Health and Human Services Commission's (THHSC) Department of Assistive and Rehabilitative Services. In 2014, Davis was assigned a new supervisor, who Davis alleges "continuously subjected Davis to disparate treatment in comparison to her similarly situated counterpart." Beginning in January 2016, Davis "filed multiple grievances" within THHSC "complaining of [her supervisor's] discriminatory conduct."

In the summer of 2016, THHSC was reorganizing its Department of Assistive and Rehabilitative Services, and Davis alleges that her supervisor and "other management officials, denied Davis transfer and reassignment for a new position" as part of that reorganization. Davis was not selected for positions within the agency, did not receive communications regarding pending applications, and throughout the summer, her supervisor "conceal[ed]" new positions from Davis. Her supervisor meanwhile transferred Davis's colleague to a "new assignment," "instead of Davis." Like Davis, this colleague was an Independent Living Worker under the same supervisor; unlike Davis, he was a Hispanic male in his thirties. Davis allegedly was "more qualified than [her colleague] because she had more experience and qualifications."

After working at THHSC for almost ten years with "a satisfactory or above performance record," Davis was terminated. Following Davis's termination, her supervisor falsely communicated to state agencies that Davis had retired. Davis is currently jobless.

### B.

Davis filed her original complaint on May 23, 2017. In the following months, the district court three times granted Davis leave to amend her

complaint to cure pleading deficiencies. Her Third Amended Complaint purports to bring claims against THHSC for discrimination on the basis of race and sex as well as unlawful retaliation, in violation of Title VII of the Civil Rights Act of 1964, seeking damages and attorney's fees.

THHSC moved to dismiss the Third Amended Complaint for failure to state a claim upon which relief could be granted. The district court granted the motion. In a memorandum order, the district court explained that Davis's "scant descriptions of the allegedly discriminatory actions fail to include any details about how the events she alleges were discriminatory" or that she faced retaliation for Title VII protected activity. Rather than alleging facts, Davis relied on conclusory legal statements. In light of the unsuccessful efforts to plead sufficiently, the court deemed continued attempts futile, and dismissed Davis's complaint with prejudice. Davis appeals the district court's dismissal of her sex- and race-discrimination claims and her retaliation claim.

## II.

We have appellate jurisdiction over this appeal from a final judgment of the district court.[1] The complaint raises a federal question, alleging violations of Title VII of the Civil Rights Act of 1964. We review the district court's order on a Rule 12(b)(6) motion de novo,[2] and accept the well-pleaded facts as true and consider them in the light most favorable to the plaintiff.[3]

## A.

To begin, Davis argues the district court erred in applying an "evidentiary standard" when evaluating the sufficiency of her Third Amended

---

[1] 28 U.S.C. § 1291.

[2] *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam).

[3] *Id.*

No. 18-20053

Complaint. Davis instead invokes a "notice pleading standard," arguing "there is no requirement that specific facts are necessary," but that she nonetheless pleaded sufficient facts to state plausible claims for Title VII discrimination and retaliation. We disagree. The district court applied the correct standard, citing *Bell Atlantic Corporation v. Twombly* for the requirement that to survive a Rule 12(b)(6) motion, a complaint must allege sufficient "facts to state a claim to relief that is plausible on its face."[4]

## B.

Title VII of the 1964 Civil Rights Act prohibits an employer from "fail[ing] or refus[ing] to hire or . . . discharg[ing] any individual, or otherwise to discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin."[5] While at this juncture, a plaintiff need not submit evidence to establish the prima facie case for discrimination, she must plead sufficient facts on all of the ultimate elements of the claim to make her case plausible.[6] For a claim of disparate treatment, she must at least include facts giving rise to a reasonable inference of plausibility that (1) she belongs to a protected class; (2) she applied for and was qualified for a position for which applicants were being sought; (3) she was rejected; and (4) a person outside of her protected class was hired for the position.[7] When the plaintiff made no application, she must plead facts "that such an application would have been a futile gesture."[8]

---

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[5] 42 U.S.C. § 2000e–2(a)(1).

[6] *Chhim*, 836 F.3d at 470.

[7] *Id.*

[8] *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 406 (5th Cir. 1999).

4

No. 18-20053

Davis cannot survive the motion to dismiss because she has not pleaded facts giving rise to a reasonable inference that she applied for and was qualified for the position that ultimately went to her colleague. Davis alleges she applied for positions within THHSC but without specifying when and for what positions. She alleges that during the agency's reorganization she was denied reassignment and was not selected for positions within THHSC, again without alleging the positions for which she was not selected. Davis alleges that during the period she was applying for positions within the agency, her supervisor transferred her colleague—a Hispanic male—to a "new assignment" "instead of Davis"—an African American woman. But Davis does not identify the position nor whether Davis and her colleague both applied for it. Davis alleges no facts from which the district court could plausibly infer she had applied for the unnamed position, or alternatively that her application would have been futile. Davis's pleading leaves the key relations between applications, positions, and decisions ambiguous—where addressed at all.

Davis was given multiple chances to plead her claim adequately, with the district court specifically instructing counsel to include "specific allegations on the dates and positions the plaintiff applied for and did not receive." On her fourth attempt Davis still fails to plead the bare minimum to sustain her claim. The district court did not err in granting the motion to dismiss this claim.

C.

Title VII also prohibits employers from retaliating against an employee who opposes, complains, or files a charge raising her employer's discrimination on the basis of race, color, religion, sex, or national origin.[9] The prima facie elements for retaliation are that (1) the plaintiff engaged in activity protected

[9] 42 U.S.C. § 2000e-3(a).

5

by Title VII; (2) that she was subject to an adverse employment action; and (3) a causal connection between her participation in the protected activity and the adverse employment decision.[10] "'[A] vague complaint, without any reference to an unlawful employment practice under Title VII, does not constitute protected activity.'"[11] To survive a Rule 12(b)(6) motion, the plaintiff must at least plead facts giving rise to a reasonable inference of the claim's plausibility.

Davis's Third Amended Complaint alleges she was an employee of the THHSC's Department of Assistive and Rehabilitative Services. Davis alleges her supervisor subjected her "to disparate treatment in comparison to her similarly situated counterpart," and that beginning in January 2016 Davis "filed multiple grievances" complaining of her supervisor's "discriminatory conduct." Davis does not allege facts regarding the alleged discrimination (note that the alleged discriminatory hiring decision occurred later, in the summer of 2016). Nor does she plead facts demonstrating "disparate treatment" relative to her "similarly situated counterpart" nor how this differential treatment relates to Title VII discrimination (i.e. the characteristics with respect to which Davis and her counterpart were similarly situated but differentially treated). The complaint requires more to plausibly describe Title VII discrimination. The district court did not err in dismissing this claim.

## III.

We AFFIRM the district court's dismissal of Davis's discrimination and retaliation claims.

---

[10] *Shackelford*, 190 F.3d at 407–08.

[11] *Paske v. Fitzgerald*, 785 F.3d 977, 986 (5th Cir. 2015) (quoting *Davis v. Dall. Indep. Sch. Dist.*, 448 F. App'x. 485, 493 (5th Cir. 2011) (per curiam)).