# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
August 25, 2020

Lyle W. Cayce
Clerk

No. 20-60073
Summary Calendar

Adriano Budri,

*Petitioner*,

*versus*

Administrative Review Board, United States
Department of Labor,

*Respondent*.

Petition for Review of the Final Decision and Order of the
United States Department of Labor, Administrative Review Board
LABR No. 20-021

Before King, Smith, and Wilson, *Circuit Judges*.

Per Curiam:*

Adriano Budri challenges a decision of the Department of Labor's
Administrative Review Board (ARB), which affirmed an administrative law
judge's (ALJ) dismissal of the third complaint Budri filed with the

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-60073

Occupational Safety and Health Administration (OSHA). Budri's third OSHA complaint is based on the same underlying facts as his prior complaints and alleges claims arising under the Surface Transportation Assistance Act (STAA), 49 U.S.C. § 31105. This appeal likewise marks Budri's third appearance before this Court arising out of the same facts. We deny Budri's latest petition for review.

Firstfleet, Inc. briefly employed Budri as a commercial truck driver in Fort Worth, Texas. Firstfleet hired Budri on January 25, 2017. Firstfleet fired Budri on February 17, 2017, less than a month after hiring him. As its bases for terminating Budri, Firstfleet cited instances when Budri failed to deliver a time-sensitive order, caused cargo damage by failing to secure a load properly, and failed to report an accident in which Budri tore a door off a trailer. Budri contends that Firstfleet violated the STAA's whistleblower-protection provisions by terminating him and disclosing negative employment information about him.

In his first OSHA complaint filed March 20, 2017, Budri alleged that Firstfleet terminated his employment in retaliation for his protected communications regarding an expired decal, hours-of-service violations, and a defective headlight bulb. OSHA conducted an investigation, found no unlawful retaliation, and dismissed the complaint. Budri then requested an evidentiary hearing before an ALJ, who also dismissed the complaint. The ALJ's dismissal was affirmed by the ARB and this Court. *Budri v. Admin. Review Bd.*, 764 Fed. App'x 431 (5th Cir. 2019) (per curiam).

While his first complaint was pending before the ALJ, Budri filed a second OSHA complaint on January 23, 2018. There, he alleged that Firstfleet took another adverse action against Budri by reporting negative information about him to Tenstreet, a company that provides data about truck drivers to potential employers. Again, OSHA dismissed the complaint,

finding no unlawful retaliation, and Budri requested a hearing before an ALJ. The ALJ further found that Budri's second complaint was untimely because Budri knew of the alleged adverse action more than 180 days before filing his complaint. *See Budri v. Firstfleet*, O.A.L.J. No. 2019-STA-71 at 3 (Dec. 16, 2019).

Budri sought ARB review of the ALJ's decision. While his second appeal was pending before the ARB, Budri filed a lawsuit against Firstfleet in the United States District Court for the Northern District of Texas. The federal action asserted claims related to the alleged unlawful termination and negative employment reference. *Budri v. Firstfleet, Inc.*, No. 3:19-CV-409-N-BH, 2019 WL 5587181, at *6–7 (N.D. Tex. Sept. 20, 2019). Budri did not inform the ARB of his federal action, and the ARB affirmed the ALJ's dismissal. When the ARB later learned of Budri's federal action, the ARB vacated its decision, finding that the lawsuit's existence deprived the ARB of jurisdiction. On October 29, 2019, the district court dismissed Budri's federal lawsuit. Budri appealed to this Court, and we dismissed this second appeal for want of prosecution. *Budri v. Firstfleet*, Inc., No. 19-11203, 2019 WL 8645418 (5th Cir. 2019).

Meanwhile, on August 30, 2019, Budri filed a third OSHA complaint, which is the subject of this appeal. The complaint contains essentially the same factual allegations as Budri's prior complaints. OSHA once again dismissed Budri's claims. After an evidentiary hearing, the ALJ likewise found that the complaint was both untimely and "allege[d] no new relevant facts and ma[de] no relevant arguments that were not previously considered by an ALJ, the ARB, and the Fifth Circuit." *Budri v. Firstfleet, Inc.*, O.A.L.J. No. 2019-STA-71 at 5 (Dec. 16, 2019). The ARB exercised its discretion to deny Budri's petition for review, rendering the ALJ's decision final. Aggrieved, Budri again appeals to this Court.

No. 20-60073

We review agency rulings under the standard of review established by the Administrative Procedure Act, 5 U.S.C. § 706. Under that standard, we will affirm an ARB decision unless it is "arbitrary, capricious, an abuse of discretion, or otherwise contrary to law, or . . . not supported by substantial evidence." *Macktal v. U.S. Dep't of Labor*, 171 F.3d 323, 326 (5th Cir. 1999). We review conclusions of law de novo. *Ameristar Airways, Inc. v. Admin. Review Bd.*, 771 F.3d 268, 272 (5th Cir. 2014).

The STAA "insure[s] that employees in the commercial motor transportation industry who make safety complaints, participate in STAA proceedings, or refuse to commit unsafe acts do not suffer adverse employment consequences because of their actions." *Roadway Exp., Inc. v. Dole*, 929 F.2d 1060, 1065 (5th Cir. 1991); *see* 49 U.S.C. § 31105(a). Whistleblower complaints under the STAA must be submitted within 180 days of the adverse action. 49 U.S.C. § 31105(b).

In his latest petition for review, Budri raises six grounds for reversing the ARB's decision.[1] But both the ALJ and the ARB found that Budri failed to file his third OSHA complaint before the statutory deadline. We agree. Further, Budri's current complaint contains no new relevant facts, arguments, or claims that were not previously considered—and rejected— by an ALJ, the ARB, the district court, or this Court. Thus, the ARB's decision, adopting the findings and analysis of the ALJ, rests on a correct application of the law and is not arbitrary or capricious.

---

[1] In addition to the issues raised in his petition for review, Budri has filed multiple motions that not only reargue those points, but also raise additional grounds for relief beyond those raised before the ARB or asserted in his briefing. This Court has granted procedural relief requested in several other motions filed by Budri. But we decline to address issues raised for the first time on appeal or insufficiently briefed by Budri in his motions. *See, e.g.*, *Estate of Duncan v. Comm'r of Internal Revenue*, 890 F.3d 192, 202 (5th Cir. 2018) (holding that arguments first raised on appeal or in a reply brief are waived).

No. 20-60073

Budri proceeds pro se.  While this Court holds pro se plaintiffs to a more lenient standard than lawyers in articulating claims and facts in their pleadings, pro se litigants must plead factual allegations that go beyond speculation.  *Chhim v.  Univ. of Texas at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).  The ALJ stated that Budri's third OSHA complaint was a "frivolous filing that abuses the administrative adjudicative process, wastes resources, and deprives other *bona fide* litigants of more timely decisions."  *Budri v. Firstfleet, Inc.*, O.A.L.J. No. 2019-STA-71 at 5 (Dec. 16, 2019).  In Budri's separate federal action, the district court "strongly warned" Budri that "future litigation . . . arising out of the same facts underlying this case will result in the imposition of more severe sanctions."  *Budri v. Firstfleet, Inc.*, No. 3:19-CV-409-E-BH, 2019 WL 5578975, at *1 (N.D. Tex. Oct. 29, 2019), *appeal dismissed*, No. 19-11203, 2019 WL 864518 (5th Cir. Dec. 18, 2019).  We echo these admonitions.

The petition for review is DENIED. The pending motions filed by Budri are likewise DENIED.