# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
January 31, 2023

Lyle W. Cayce
Clerk

No. 22-20457
Summary Calendar

OGOCHUKWO J. OKWO,

*Plaintiff—Appellant*,

*versus*

HOUSTON METHODIST THE WOODLANDS; CARCO GROUP,
INCORPORATED, *doing business as* PRECHECK,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:21-CV-4063

Before SMITH, SOUTHWICK, and DOUGLAS, *Circuit Judges*.

PER CURIAM:*

Ogochukwo J. Okwo, a *pro se* litigant, appeals the district court's dismissal of his claims against Houston Methodist The Woodlands Hospital and against CARCO Group, Inc., doing business as PreCheck. We AFFIRM.

---

* This opinion is not designated for publication. See 5TH CIR. R. 47.5.

No. 22-20457

On November 2, 2020, Okwo received an offer of employment from Houston Methodist, conditional on the "successful completion of a criminal and education background check," which was completed through PreCheck, Inc., a records search provider. Using the information provided by Okwo, PreCheck located a record of a felony charge against Okwo filed in Harris County, Texas, for "Assault Family Violence-2nd Offender." The final disposition of the charge was "dismissed." PreCheck provided a report to Houston Methodist about the charge, including its dismissal. Houston Methodist rescinded the offer of employment.

Okwo sued, alleging that PreCheck and Houston Methodist violated various provisions of the Fair Credit Reporting Act ("FCRA"); that PreCheck libeled him; and that Houston Methodist violated Title VII of the Civil Rights Act of 1964. The district court dismissed Okwo's claims in his amended complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).

Rule 12(b)(6) provides for dismissal of a complaint if a plaintiff fails "to state a claim upon which relief can be granted." This court reviews *de novo* a district court's decision to grant a motion to dismiss. *Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The district court dismissed Okwo's claims under the FCRA against Houston Methodist because he failed to allege that Houston Methodist is a "consumer reporting agency" under 15 U.S.C. § 1681d(d)(3) and did not follow disclosure requirements under Section 1681b. The district court dismissed the FCRA claims against PreCheck for failure to allege that PreCheck did not verify the accuracy of its report before furnishing it under

Section 1681d(d)(3)[1]; that PreCheck was negligent in its preparation of the report; that PreCheck failed to investigate and update his report under Section 1681i(a); and how any failure to receive a description of the procedures to prepare the report would result in damages under 1681i(a)(7) given the report's accuracy.

We agree with both dismissals. Okwo does not appear to challenge the district court's dismissal of his FCRA claims under Sections 1681b, 1681h(e), 1681k(a)(1), nor his libel claim under Section 73.001 of the Texas Civil Practice and Remedies Code. Those arguments are therefore waived. *United States v. Martinez*, 263 F.3d 436, 438 (5th Cir. 2001).

Okwo also alleges that Houston Methodist violated Title VII of the Civil Rights Act of 1964 by withdrawing, or causing the withdrawal of, the employment offer. A plaintiff does "not have to submit evidence to establish a prima facie case of discrimination at this stage," but he must "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016). To state a prima facie case of discrimination, a plaintiff must plead facts showing that he: "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007). Although Okwo alleges he was

---

[1] Okwo argues that the district court erred when it stated that PreCheck had verified the report "within 30 days after furnishing it," rather than "during the 30-day period ending on the date on which the report is furnished," as the statute requires. § 1681d(d)(3). That error notwithstanding, the district court had previously correctly quoted the statute and stated that PreCheck quickly "rechecked" the report after Okwo's inquiry to confirm it originally described the charge as "dismissed."

No. 22-20457

discriminated against because he is black and from Nigeria, he fails to allege any facts with regard to the fourth element.  Accordingly, Okwo has failed to state a claim for discrimination against Houston Methodist.

AFFIRMED.