# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 6, 2023

Lyle W. Cayce
Clerk

No. 22-30385

Vincent Williams,

*Plaintiff—Appellant*,

*versus*

State of Louisiana, on behalf of Department of Public Safety and Corrections, on behalf of David Wade Correctional Center,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:21-cv-441

Before Wiener, Stewart, and Engelhardt, *Circuit Judges*.

Per Curiam:[*]

Vincent Williams, an African American correctional officer at the David Wade Correctional Center ("DWCC"), brought suit against the State of Louisiana claiming that the DWCC's alleged policy of not promoting union members disproportionately affects African Americans. The district

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

court granted the State's motion to dismiss. For essentially the same reasons, we AFFIRM.

## I. Background

Vincent Williams has more than 24 years of experience working in correctional facilities. He has attained the rank of Captain, but "cannot attain a promotion to that of Major." He claims that his "union membership is the deciding factor" as "[i]t is common knowledge that upper management does not like the union." Since "the promotion process favors non-union members," Williams claims that it "disproportionally affects African American[s]." After the state filed a motion to dismiss but before it was ruled on, Williams amended his complaint to, *inter alia*, add an allegation that the DWCC also discriminates against those above the age of 40. Williams also added information about a select sample of upper management, recently promoted officers, and the promotion selection committee, including the race of each individual and, for some, whether they were younger and/or less experienced than Williams.

After Williams' amendment, the State filed a second motion to dismiss. The district court granted the motion with prejudice on the grounds that Williams had failed to state "a viable disparate-impact claim for racial discrimination under Title VII." "In short," the memorandum opinion concluded, "Williams's complaint alleges neither facts which lead to a justifiable inference that there is a statistically significant impact upon employees of one race as compared to similarly situated employees of a different race, nor that filtering employees for promotion based on union membership or age is causally connected to any such discrepancy if one

exists."[1] Williams subsequently filed a motion to alter or amend the judgment, which the district court denied as having shown no manifest errors of law in the initial decision. This appeal followed.

## II. Law and Analysis

We review *de novo* a district court's dismissal under Rule 12(b)(6). *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 765 (5th Cir. 2019). "To survive a motion to dismiss, a complaint must contain sufficient factual matter which, when taken as true, states 'a claim to relief that is plausible on its face.'" *Innova Hosp. San Antonio, Ltd. P'ship v. Blue Cross & Blue Shield of Ga., Inc.*, 892 F.3d 719, 726 (5th Cir. 2018) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "does not need detailed factual allegations," but the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

At the motion-to-dismiss stage, "[a] district court … errs by requiring 'a showing of each prong of the prima facie test for disparate treatment.'" *Cicalese*, 924 F.3d at 766 (quoting *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013)). However, though plaintiffs need not "submit evidence to establish a prima facie case of discrimination at this stage, [they must] plead sufficient facts on all of the ultimate elements of a disparate treatment claim

---

[1] Relying on sovereign immunity, the district court also dismissed any potential claims of discrimination based on union affiliation under the National Labor Relations Act of 1935 or claims of age discrimination under the Age Discrimination in Employment Act of 1967. Neither law was expressly raised in the complaint, and Title VII, on which the claims purport to rely, provides no support for either. As Williams fails to contest on appeal any of these claims, we leave this part of the district court's reasoning undisturbed. *See Tharling v. City of Port Lavaca*, 329 F.3d 422, 430 (5th Cir. 2003).

to make [their] case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016). We have held that those ultimate elements are "(1) an 'adverse employment action,' (2) taken against a plaintiff '*because of* her protected status.'" *Cicalese*, 924 F.3d at 767 (emphasis in original) (quoting *Raj*, 714 F.3d at 331). "Failure to promote is clearly an adverse employment action," *Haire v. Bd. of Sup'rs of La. State Univ. Agric. & Mech. Coll.*, 719 F.3d 356, 364 (5th Cir. 2013), so Williams has adequately pleaded the first element.

As to the latter, however, Williams has provided no more than conclusory allegations, which we need not accept as true. *See BRFHH Shreveport, LLC v. Willis-Knighton Med. Ctr.*, 49 F.4th 520, 525 (5th Cir. 2022). Certainly, a plaintiff does not need to provide a detailed statistical analysis at the pleading stage, but the evidence must demonstrate some causal relationship – some "because" – between the protected status and the adverse employment action.

Here, the complaint fails to demonstrate that African Americans are disproportionately affected by the alleged anti-union policy. The amended complaint attempts to make examples of two individuals who were promoted despite having less experience than Williams. But as both of those individuals are African Americans, these examples do nothing for Williams' disparate impact claim. Williams also lists five Captains (that is, individuals currently holding the same title as Williams) who outrank Williams despite having less work experience – and two of those five are African Americans. Finally, Williams lists the six members of "the advancement committee," of which three are African Americans. As the complaint lacks all but the barest of context, it is impossible to say whether these numbers demonstrate bias. There is no allegation, for example, that the union is comprised of solely or even mostly African Americans, or that more African Americans at DWCC are union members than non-union members, or that African Americans at

No. 22-30385

DWCC are more likely to be union members than are Caucasians. Nor does the complaint give any sense as to the general racial breakdown of DWCC employees – for example, whether most employees are African American or whether most of the members of management are Caucasian. Nothing in the complaint gives a court the ability to make a causal connection between Williams' race and the failure to promote him.

Williams' complaint might sufficiently allege an anti-union bias, but Title VII provides no protection on that basis. Nor does Title VII provide protection for employment decisions based on age – and even if it did (or Williams provided a separate statutory hook), Williams has shown no age-based discrimination. Vague statements that certain individuals are "younger than plaintiff" or that others "have less work experience than plaintiff" are not allegations that management favors individuals under 40 – on the face of the complaint, the individuals listed could be 70 or could be 20. In sum, Williams' pleadings are insufficient.[2]

### III. Conclusion

Williams fails to plead even the basic elements of a disparate treatment claim. The district court was therefore correct to dismiss the claim. We **AFFIRM**.

---

[2] In one sentence, and without directly challenging the district court's decision to dismiss with prejudice, Williams raises the prospect of further amendment after discovery. However, "[a] party that asserts an argument on appeal, but fails to adequately brief it, is deemed to have waived it. . . . We have often stated that a party must 'press' its claims." *United States v. Scroggins*, 599 F.3d 433, 446–47 (5th Cir. 2010) (citations and quotation marks omitted). Williams has thus waived any challenge to the "with prejudice" element of his dismissal.