# United States Court of Appeals for the Fifth Circuit

No. 23-10962
Summary Opinion

United States Court of Appeals
Fifth Circuit

**FILED**
March 19, 2024

Lyle W. Cayce
Clerk

Dedrick Henry,

*Plaintiff—Appellant*,

*versus*

T-Force Freight,

*Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:23-CV-453

_____

Before Dennis, Wilson, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Plaintiff–Appellant Dedrick Henry brought this lawsuit against Defendant–Appellee T-Force Freight ("TForce"), asserting causes of action for "Slander, Harassment, Libel" after Henry was terminated from his employment with TForce. After TForce removed this case to federal court, the district court ordered Henry to file an amended complaint complying with

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the federal and local rules. TForce later filed a motion to dismiss for failure to state a claim, to which Henry failed to respond. The district court granted TForce's motion and dismissed Henry's complaint with prejudice. Henry timely appealed.

We review the grant of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) de novo, "accepting all well-pleaded facts as true and viewing those facts in the light most favorable to the plaintiff[]." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citation omitted). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While we construe pro se complaints liberally, pro se plaintiffs must "still plead factual allegations that raise the right to relief above the speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

Here, the district court properly dismissed Henry's complaint for failure to state a claim. In support of his claims, Henry alleges that TForce "knowing and willingly used false documents, statements and alter[ed] documents to harass and intimidate, slander libel [and] cause emotional damage." Specifically, Henry alleges that, in 2022, TForce made him take a random drug test and accused him of causing a "serious incident" that led to his termination. Without more, Henry failed to state a claim for slander or libel under Texas law since he did not plead that the allegedly defamatory statements were "published to a third person" given that, according to Henry's amended complaint, the statements were contained to TForce's own internal systems. *Randall's Food Markts., Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex. 1995); *see also Fiber Sys. Int'l, Inc. v. Roehrs*, 470 F.3d 1150, 1161 (5th Cir. 2006). Henry's harassment claim—whether arising under Title VII or the Texas Commission on Human Rights Act—similarly fails

because he did not allege that TForce's behavior was motivated by Henry's protected status or activity. *Gardner v. CLC of Pascagoula, L.L.C.*, 915 F.3d 320, 325 (5th Cir. 2019) (noting that "Title VII does not prohibit all harassment [rather] [i]t makes harassing conduct unlawful when it results in the employer 'discriminat[ing] against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.'") (internal citation removed); *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 170 (5th Cir. 2014) ("The substantive law governing Title VII and TCHRA retaliation claims is identical.").

 The judgment of the district court is AFFIRMED.