# United States Court of Appeals
# for the Fifth Circuit

No. 25-60587
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

May 21, 2026

Lyle W. Cayce
Clerk

BARRY MCMILLIAN,

*Plaintiff—Appellant*,

*versus*

THE CITY OF ABERDEEN; JOHN DOES 1-20,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 1:24-CV-198

Before JONES, DUNCAN, and DOUGLAS, *Circuit Judges*.

PER CURIAM:[*]

Barry McMillian appeals the dismissal of his race-discrimination claims against Appellee City of Aberdeen (the "City"). He argues that the district court erred by not granting him leave to file a second amended complaint and that the dismissal was improper because he plausibly stated a claim under Title VI and 42 U.S.C. §§ 1981 and 1983. We AFFIRM.

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-60587

We review a Rule 12(b)(6) dismissal *de novo*, accepting well-pleaded facts as true and viewing them in the plaintiff's favor. *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020). We "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Ibid.* (quotations omitted). To survive dismissal, a complaint must contain enough facts to state a plausible claim. *Ibid.* (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). We review a denial of leave to amend for abuse of discretion. *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).

Title VII, § 1981, and § 1983 employment-discrimination claims are all analyzed under the same basic framework. *See Whiting v. Jackson State Univ.*, 616 F.2d 116, 120–21 (5th Cir. 1980). To prevail on such claims, the Plaintiff must show that "(1) he is a member of a protected class; (2) he was qualified and applied for the job; (3) the employer rejected him for the job despite his qualifications; and (4) a similarly situated applicant outside the protected class was hired." *Chhim v. Univ. of Tex. at Aus.*, 836 F.3d 467, 470 (5th Cir. 2016). At the pleading stage, however, a plaintiff need not make out a prima facie case under the *McDonnell-Douglas* framework. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510–11 (2002). But he must plead facts permitting a reasonable inference that he suffered an adverse employment action because of his protected status. *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766–67 (5th Cir. 2019).

McMillian's live complaint does not allege sufficient facts to support a plausible race-discrimination claim. McMillian alleges four basic facts: he is black, the City initially approved him for an electrical-department position, the City delayed his start date because of budget constraints and moved him to the water department at lower pay, and the City later hired three white males in the electrical department. While those facts describe a disappointing employment outcome, they do not plausibly allege race discrimination. The

No. 25-60587

district court therefore properly dismissed McMillian's amended complaint under Rule 12(b)(6).

And because McMillian's motion to reconsider and request for leave to amend featured "the same arguments and proffer[ed] the same evidence he offered in his original response to the [City's] motion to dismiss," granting McMillian leave to amend would have been futile. *See Marucci Sports, L.L.C. v. NCAA*, 751 F.3d 368, 378 (5th Cir. 2014) ("An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."). The district court therefore did not err in denying McMillian's request for leave to amend.

AFFIRMED.