# United States Court of Appeals for the Fifth Circuit

---

No. 25-10865
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
June 25, 2026

Lyle W. Cayce
Clerk

Reginald Grant,

*Plaintiff—Appellant*,

*versus*

Amazon.com Services, L.L.C.

*Defendant—Appellee*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-2311

---

Before Wiener, Willett, and Wilson, *Circuit Judges*.

Per Curiam:[*]

Reginald Grant was employed by Amazon from 2018 until his resignation in 2022. Both before and after his resignation, Grant filed a series of lawsuits against Amazon alleging claims for age discrimination, retaliation, breach of contract, fraud, and tort liability. For reasons explained below, we affirm the district court's dismissal of Grant's claims.

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10865

## I.

Reginald Grant was employed at an Amazon fulfillment center in Texas from October 2018 until his resignation in August 2022. In 2020, Grant filed a charge of age discrimination against Amazon with the EEOC, but the EEOC declined to investigate and notified Grant of his right to sue in August 2021. Later that year, Grant, proceeding *pro se*, filed his first lawsuit against Amazon, alleging that the company had violated the Age Discrimination in Employment Act (ADEA) by denying him promotions and overtime work and delaying his commercial driver's license (CDL) training. *See Grant v. Amazon.com Servs., L.L.C.*, No. 3:22-cv-439, 2023 WL 6278912 (N.D. Tex. Sept. 1, 2023) (*Grant I*). In response to Amazon's motion for summary judgment, Grant added further allegations of verbal abuse not included in his EEOC charge or complaint and contended that he resigned in August 2022 for fear of retaliation for having filed an EEOC complaint roughly two years prior. *See id.* at *2, *5–7.

The magistrate judge liberally construed Grant's late-added allegations as a motion to amend the complaint and granted that motion. *Id.* at *5. Nevertheless, the magistrate judge recommended that the district court enter summary judgment, as Grant had not exhausted administrative remedies for his new verbal abuse claims. *Id.* at *6–8. The magistrate judge also concluded that Grant had presented no evidence that his resignation constituted a constructive discharge as required for a viable ADEA retaliation claim. *Id.* The district court accepted these recommendations in full and entered summary judgment. *See Grant I*, No. 3:22-CV-439, 2023 WL 6276735 (N.D. Tex. Sept. 26, 2023). Grant appealed and moved to proceed *in forma pauperis*. The district court denied the motion, finding that "the appeal [was] not taken in good faith," and that it "present[ed] no legal points

2

of arguable merit and [was] therefore frivolous." *See* Order, *Grant I*, No. 3:22-CV-439 (N.D. Tex. Dec. 11, 2023). This court reached a similar conclusion and dismissed the appeal as frivolous. *See Grant I*, No. 23-11068, 2024 WL 3755984, at *1 (5th Cir. Aug. 12, 2024).

Simultaneously with his first case, Grant filed a second lawsuit in state justice court, alleging fraud and breach of contract arising from Amazon's alleged failure to pay Grant a 60-cent per hour shift differential from June 2021 through early 2022. Grant later amended his complaint to include claims for mental anguish and emotional distress. *See Grant v. Amazon.com Servs., L.L.C. RA Corp. Servs.*, Cause No. JS2100164K (Tex. J.P. Ct. Pct. 1, Pl. 2, Dallas Cnty., June 14, 2022) (*Grant II*). A jury awarded Grant $386. *Id.* Grant appealed this judgment to the county court, where a second jury trial was held in August 2023. That jury found that Amazon had breached its contract with Grant and committed fraud relating to the 60-cent differential and awarded Grant $20,000. *See Grant II*, No. CC-22-04274-D (Tex. Cnty. Ct. at Law, Dallas Cnty. No. 4, Sept. 25, 2023). Amazon appealed this verdict to the Texas Court of Appeals, which reduced Grant's award to $945.51. *See Grant II*, No. 05-23-1306-CV, 2024 WL 5053063 (Tex. App.—Dallas, Dec. 10, 2024, no pet.). The trial court amended its final judgment to reflect this smaller award. *See* Amended Final Judgment, *Grant II*, No. CC-22-04274-D (Tex. Cnty. Ct. at Law, Dallas Cnty., No. 4, Feb. 18, 2025).

That brings us to the present case. While appeals in both *Grant I* and *Grant II* were pending, Grant filed this lawsuit in state court in July 2024, renewing his claims against Amazon for ADEA discrimination and harassment, breach of contract, and fraud, and alleging new claims for intentional infliction of emotional distress (IIED), defamation, and "loss of use, loss of enjoyment." After removing the case to federal court, Amazon moved for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. A few months after the motion was briefed, Grant moved to

amend his complaint and proposed dropping his fraud, IIED, and "loss of use/loss of enjoyment" claims and adding "negligent retention" and ADEA retaliation claims.

In July 2025, the district court granted Amazon's motion, dismissing Grant's claims with prejudice and denying him leave to amend his complaint. The district court held that: (1) Grant's ADEA, breach of contract, and fraud claims were barred by res judicata; (2) Grant's IIED claim failed both because it was preempted by Texas employment law and because he did not allege conduct that was "extreme and outrageous"; (3) Grant's defamation claim was barred by both Texas employment law and by the statute of limitations; and (4) Grant's "loss of use" and "loss of enjoyment" claims were not cognizable under Texas law.

Once more, Grant appealed, and once more he sought to proceed *in forma pauperis*. The district court issued a deficiency notice and ordered Grant to sign and file an affidavit to accompany his motion to appeal *in forma pauperis*, and to include a detailed explanation of the nonfrivolous issues on appeal as required by 28 U.S.C. § 1915(a)(3). Grant failed to file this affidavit, and the court issued a second deficiency notice, prompting Grant to file his affidavit. In October 2025, the district court denied Grant's motion for leave to proceed *in forma pauperis*, finding his appeal to be frivolous. On appeal, Grant challenges the dismissal of his claims with prejudice and the denial of his motion to amend.

## II.

We review first the district court's dismissal of Grant's claims. "A dismissal pursuant to Rule 12(b)(6) is reviewed *de novo*." *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 552 (5th Cir. 2020). We "may affirm a district court's dismissal based on [R]ule 12(b)(6) on any basis supported by the record." *Ferrer v. Chevron Corp.*, 484 F.3d 776, 781–82 (5th Cir. 2007) (citation

omitted). To survive dismissal under Rule 12(b)(6), a complaint must contain sufficient factual allegations, accepted as true, to state a claim for relief that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). And while *pro se* litigants are afforded a "more lenient standard" when analyzing complaints, Grant must still plead sufficient factual allegations that "raise the right to relief above a speculative level." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

## A.

The district court dismissed Grant's ADEA, breach of contract, and fraud claims as barred by res judicata. Res judicata prevents parties from relitigating issues that have already been decided or could have been raised in an earlier suit. *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005). The res judicata bar applies to Grant's claims if "(1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions." *Id.* (citing *Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395 (5th Cir. 2004)).

As to Grant's ADEA claims, all four elements are satisfied. *Grant I* involved the same parties, Grant and Amazon, and it is indisputable that a final judgment on the merits was rendered by a court of competent jurisdiction in that case. Moreover, the claims in *Grant I* and the instant case overlap almost entirely: Both cases concern the alleged denial of promotions to Grant, the alleged verbal abuse he suffered, Amazon's alleged failure to select Grant for overtime shifts, and the scheduling of his CDL training. The magistrate judge in *Grant I* also considered Grant's ADEA discrimination and retaliation claims. We are not persuaded by Grant's efforts to recast his claims on appeal as different from those in *Grant I*. Grant's claims arise from

5

the "same nucleus of operative facts." *Davis v. Dall. Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004). And res judicata bars not only the claims advanced in previous proceedings, but also those that "*could have been advanced.*" *Id.* at 314 (emphasis in original) (quoting *Nilsen v. City of Moss Point*, 701 F.2d 556, 560 (5th Cir. 1983). Thus, res judicata bars Grant from reasserting his ADEA claims in the instant case.

Res judicata also operates to bar Grant's breach of contract and fraud claims, claims already dealt with in state court in *Grant II*. We apply Texas law to determine the res judicata effect of the state court's judgment. *See Harmon v. Dallas Cnty.*, 927 F.3d 884, 890 (5th Cir. 2019). Res judicata will bar Grant's claims if there is "(1) a prior final judgment on the merits by a court of competent jurisdiction; (2) identity of parties or those in privity with them; and (3) a second action based on the same claims as were raised or could have been raised in the first action." *Id.* (quoting *Amstadt v. U.S. Brass Corp.*, 919 S.W.2d 644, 652 (Tex. 1996)). Once more, all three elements are met: The breach of contract and fraud claims were addressed in a final judgment by a court of competent jurisdiction, and Grant concedes that these claims have already been litigated in state court.

## B.

Turning to Grant's remaining common-law claims, the district court dismissed each for different reasons. We affirm as to each.

First, the district court dismissed Grant's IIED and defamation claims as preempted by Chapter 21 of the Texas Labor Code. *See* TEX. LAB. CODE § 21.001 *et seq.* Chapter 21 provides the exclusive remedy under state law for causes of action relating to alleged employment discrimination and thus preempts common-law claims insofar as those causes of action overlap with complaints for discrimination or retaliation in the workplace. *See Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 808, 813 (Tex. 2010). Thus, if

Grant's claims are covered by Chapter 21, he cannot bring additional IIED and defamation claims without pleading additional facts unrelated to his employment discrimination claim. *See id.* at 808–09; *see also Hoffmann-La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004).

Such is the case here. Grant's IIED and defamation claims arise from the same alleged verbal abuse, scheduling disputes, age discrimination, and constructive discharge that ground his ADEA claims. Grant's brief does not meaningfully address Chapter 21's preemptive effect and he cites no legal authority (beyond a nonexistent case) to suggest his IIED and defamation claims are independent from his employment discrimination claims. *See Waffle House*, 313 S.W.3d at 808–09; *see also Wiggins v. St. Luke's Episcopal Health Sys.*, 517 F. App'x 249, 252 (5th Cir. 2013). Thus, the district court properly dismissed these claims as preempted by Chapter 21.

Putting aside Chapter 21 preemption, the district court held that Grant's IIED claim could also be dismissed because he failed to allege the "extreme and outrageous" conduct required to sustain such a claim. Rightly so. A successful IIED claim would require Grant to allege conduct that is extreme and outrageous "beyond all possible bounds of decency," such that it qualifies as "atrocious, and utterly intolerable in a civilized community." *Swafford v. Bank of Am. Corp.*, 401 F. Supp. 2d 761, 765 (S.D. Tex. 2005) (quoting *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993)). Grant alleges no more than common workplace frictions; derogatory comments about his age, unfair treatment, delayed training, and false accusations of wrongdoing do not rise to the high level of misconduct required to sustain an IIED claim. *See MacArthur v. Univ. of Tex. Health Ctr. at Tyler*, 45 F.3d 890, 898 (5th Cir. 1995) (IIED does not encompass "mere employment disputes."). Thus, even if Chapter 21 did not preempt Grant's IIED claim, the district court's dismissal of the claim was proper.

The district court held that Grant's defamation claim was independently barred by the statute of limitations. In Texas, defamation claims are subject to a one-year statute of limitations. Tex. Civ. Prac. & Rem. Code § 16.002(a); *Deaver v. Desai*, 483 S.W.3d 668, 674 (Tex. App. —Houston [14th Dist.] 2015, no pet.). Here, Grant alleges he was defamed by an August 13, 2022, email from Tasha Dixon, an Amazon HR employee who complained to her supervisor about improper behavior by Grant as he requested time off. But Grant did not file his lawsuit alleging a defamation claim until July 19, 2024. Grant does not address the statute of limitations in his brief; nor does he offer any reason for his delay in filing suit. Accordingly, the district court properly dismissed Grant's defamation claim as untimely.

Last, the district court dismissed Grant's claims for "loss of use" or "loss of enjoyment" because these are not cognizable claims under Texas law. Under Texas law, "loss of use" and "loss of enjoyment" are merely measures of damages, not standalone causes of action. *See Lay v. Aetna Ins. Co.*, 599 S.W.2d 684, 686–87 (Tex. App.—Austin 1980, writ ref'd n.r.e.). Once more, Grant does not respond to the district court's reasoning on appeal. The district court thus properly dismissed Grant's claims for "loss of use" or "loss of enjoyment."

## III.

Grant contests the district court's denial of leave to amend his complaint, a ruling we review for abuse of discretion. *Vuoncino v. Forterra, Inc.*, 140 F.4th 200, 206 (5th Cir. 2025). While district courts should "freely give leave [to amend] when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend "is by no means automatic." *Little v. Liquid Air Corp.*, 952 F.2d 841, 846 (5th Cir. 1992). A district court does not abuse its discretion by denying leave to amend when there is "substantial reason" to do so, including undue delay, bad faith, dilatory motive, repeated failures to cure

deficiencies, or undue prejudice to the opposing party. *Mayeaux v. La. Health Serv. & Indem. Co.*, 376 F.3d 420, 425 (5th Cir. 2004).

Grant waited eight months after filing this lawsuit and three months after Amazon moved for dismissal before seeking leave to amend. He offered no reason for his delay, nor did he propose any new allegations that he wished to include in his complaint. As the district court observed, Grant appeared simply to "repackage" the allegations in his original complaint. On appeal, Grant merely proposes adding the name of his former manager, Ron Mowry, to his complaint. Even if this added fact could cure his pleading, Grant "forfeit[ed this] argument by failing to raise it in the first instance in the district court—thus raising it for the first time on appeal[.]" *Rollins v. Home Depot USA*, 8 F.4th 393, 397–98 (5th Cir. 2021). Beyond all that, Grant's claims are plainly barred by res judicata and state law, such that no amendment could cure his pleading's defects. Thus, the district court did not abuse its discretion by dismissing the claims with prejudice. *See HCB Fin. Corp. v. McPherson*, 8 F.4th 335, 345–46 (5th Cir. 2021).

Given Grant's delay in seeking leave to amend and the futility of amendment in his case, the district court did not abuse its discretion in denying him leave to amend and dismissing his claims with prejudice.

\*　　\*　　\*

The district court did not err in dismissing Grant's claims. Nor did the court abuse its discretion in denying Grant leave to amend and dismissing the claims with prejudice. The judgment of the district court is AFFIRMED.