# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
March 28, 2023

Lyle W. Cayce
Clerk

No. 21-10399
Summary Calendar

Veletta Coleman,

*Plaintiff—Appellant*,

*versus*

Kilolo Kijakazi, *Acting Commissioner of Social Security*,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC Nos. 3:19-CV-2198, 3:19-CV-2308

Before Richman, *Chief Judge*, and Southwick and Wilson, *Circuit Judges*.

Per Curiam:*

Veletta Coleman, proceeding pro se, appeals the district court's dismissal of her claims against the Social Security Administration (SSA) under Federal Rule of Civil Procedure 12(b)(6). Coleman is an African American woman who worked at the SSA on a temporary, one-year basis. She filed a complaint with the Equal Employment Opportunity Commission

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 21-10399

(EEOC) alleging discriminatory treatment and harassment while at the SSA. Soon after, Coleman's one-year term of employment expired, and she was not rehired. She then sued the SSA. The district court liberally construed Coleman's amended complaint to include discrimination, hostile-work-environment, and retaliation claims under Title VII of the Civil Rights Act of 1964 (Title VII); discrimination and retaliation claims under the Age Discrimination in Employment Act (ADEA); and discrimination, failure-to-accommodate, and retaliation claims under the Rehabilitation Act. Because we agree that Coleman failed to allege facts sufficient to support any of her claims, we affirm the district court's dismissal without prejudice.

**I**

We review de novo a district court's dismissal of claims under Rule 12(b)(6).[1] A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."[2] "[W]e do not credit conclusory allegations or allegations that merely restate the legal elements of a claim."[3] Instead, looking only at well-pleaded factual allegations, we ask if there is "more than a sheer possibility that a defendant has acted unlawfully."[4] "We hold pro se plaintiffs to a more lenient standard than lawyers when analyzing complaints, but pro se plaintiffs must still plead factual allegations that raise the right to relief above the speculative level."[5] We may also construe new allegations in response to a dispositive motion as

---

[1] *Chhim v. Univ. of Tex.*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam).

[2] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[3] *Chhim*, 836 F.3d at 469.

[4] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[5] *Chhim*, 836 F.3d at 469 (citing *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002)).

No. 21-10399

a motion to amend a complaint, especially for pro se litigants.[6] Denial of leave to amend is not an abuse of discretion, however, "if allowing an amendment would be futile."[7] "An amendment is futile if it would fail to survive a Rule 12(b)(6) motion."[8]

As an initial matter, the Government argues that Coleman forfeited her arguments due to inadequate briefing. Although Coleman's reasoning is deficient, she does argue that the district court erred and that this court should reverse, citing the record and some caselaw. We therefore conclude that Coleman did not forfeit her arguments, and we turn to review her Title VII, ADEA, and Rehabilitation Act claims.[9]

## A

The district court construed Coleman's amended complaint to allege three claims under Title VII: discrimination, a hostile-work-environment, and retaliation.

First, to state a Title VII discrimination claim, a plaintiff must plead that he "(1) is a member of a protected class, (2) was qualified for the position that he held, (3) was subject to an adverse employment action, and (4) was treated less favorably than others similarly situated outside of his protected

---

[6] *See Cash v. Jefferson Assocs., Inc.*, 978 F.2d 217, 218 (5th Cir. 1992) (per curiam); *see also Stover v. Hattiesburg Pub. Sch. Dist.*, 549 F.3d 985, 989 n.2 (5th Cir. 2008) (noting that a district court should construe claims raised for the first time in response to a summary judgment motion as a motion to amend, especially for pro se litigants).

[7] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

[8] *Id.*

[9] *See* Fed. R. App. P. 28(a); *Rollins v. Home Depot USA*, 8 F.4th 393, 397 & n.1 (5th Cir. 2021).

No. 21-10399

class."[10] Even if Coleman pleaded an adverse employment action by alleging that she was not hired for a claims assistant position that she was promised, she failed to plead that the SSA treated a similarly situated employee more favorably. In her amended complaint, Coleman alleged that she was "repeatedly and intentionally being treated differently than others similarly situated because of her color, race and national origin (systemic racism)." Additionally, in her response to the SSA's motion to dismiss, Coleman identified four comparators that were hired for permanent positions at the SSA. For a comparator to be similarly situated, however, they must be "under nearly identical circumstances."[11] Coleman failed to allege that her comparators were hired for a claims assistant position like the one she was promised. Instead, she alleged only generally that each comparator was hired "for a full-time permanent job position." We agree with the district court that, even if we construed Coleman's response to the SSA's motion to dismiss as a motion to amend her complaint, she still would have failed to plead that she was treated less favorably than a similarly situated employee.

Second, to state a hostile-work-environment claim, a plaintiff must allege the following:

> (1) [she] belongs to a protected group; (2) [she] was subjected to unwelcome harassment; (3) the harassment complained of was based on [her membership in the protected group]; (4) the harassment complained of affected a term, condition, or privilege of employment; (5) the employer knew or should

---

[10] *Alkhawaldeh v. Dow Chem. Co.*, 851 F.3d 422, 426 (5th Cir. 2017).

[11] *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) (quoting *Little v. Republic Ref. Co., Ltd.*, 924 F.2d 93, 97 (5th Cir. 1991)).

No. 21-10399

have known of the harassment in question and failed to take prompt remedial action.[12]

"Title VII does not prohibit all harassment."[13] It applies only "when the workplace is permeated with discriminatory intimidation, ridicule, and insult . . . that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment."[14] We engage in a "totality of the circumstances" inquiry, looking to the "frequency" and "severity" of the alleged misconduct to determine if a workplace was abusive.[15]

Coleman alleged the following facts in her amended complaint to establish an abusive working environment: another employee screamed and verbally attacked Coleman for parking in the wrong space on her first day; the SSA changed her mailbox size, discriminatorily scheduled her lunches and breaks, spread false rumors, and invited customers to write negative reviews about her; Coleman's supervisor altered her time card and filed a false police report about her husband; several employees "verbal[ly] abuse[d]" Coleman; and several employees intentionally harassed Coleman "sexually and non-sexual[ly]." Additionally, in Coleman's response to the SSA's motion to dismiss, she added several new allegations: another employee publicly screamed at Coleman on the workroom floor; her colleagues vandalized her vehicle; the SSA regularly interfered with her

---

[12] *Williams-Boldware v. Denton Cnty.*, 741 F.3d 635, 640 (5th Cir. 2014) (quoting *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012)).

[13] *Gardner v. CLC of Pascagoula, L.L.C.*, 915 F.3d 320, 325 (5th Cir. 2019) (quoting *Meritor Sav. Bank, FSB v. Vinson*, 477 U.S. 57, 67 (1986)).

[14] *Id.* (omission in original) (internal quotation marks omitted) (quoting *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993)).

[15] *Harvill v. Westward Commc'ns, L.L.C.*, 433 F.3d 428, 434 (5th Cir. 2005) (quoting *Harris*, 510 U.S. at 23).

computer, preventing her from doing her job effectively; an employee "intentionally sexually harassed [her] by referring to her as his 'work wife,'" requesting that she "bend over the right way;" and her supervisor sexually harassed her by "discussing his shoe size while simultaneously touching his private part."

Accepting Coleman's sexual harassment allegations as true, as we must, they are undoubtedly inappropriate.[16] Still, setting aside the issue of whether the sexual and non-sexual allegations amount to harassment under Title VII, we agree with the district court that Coleman failed to plead that the SSA knew or had reason to know and failed to take remedial action.

Third, to state a Title VII retaliation claim, a plaintiff must plead that "(1) he participated in an activity protected by Title VII; (2) his employer took an adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action."[17] Coleman failed to plead the causation element. "[T]he temporal relationship between the employee's conduct and discharge," an employee's "past disciplinary record," and an employer's deviation from "typical policy and procedures" all may establish causation, among other factors.[18] As the district court reasoned, Coleman did not plead any facts about her past disciplinary record apart from one reference in a police report about a poor performance evaluation. She also did not plead any facts about whether the SSA departed from its usual practices. Finally, on temporal proximity, Coleman's amended complaint does not include the timing of the SSA's

---

[16] *See Chhim v. Univ. of Texas*, 836 F.3d 467, 469 (5th Cir. 2016) (per curiam).

[17] *Leal v. McHugh*, 731 F.3d 405, 416-17 (5th Cir. 2013) (quoting *McCoy v. City of Shreveport*, 492 F.3d 551, 556-57 (5th Cir. 2007)).

[18] *Nowlin v. Resolution Trust Corp.*, 33 F.3d 498, 508 (5th Cir. 1994).

alleged actions.  Based on the facts alleged in the amended complaint alone, the district court correctly dismissed the Title VII retaliation claim.

In Coleman's response to the SSA's motion to dismiss, she included a portion of the police report in which an SSA employee complained that Coleman's husband assaulted him and speculated that he did so because the employee gave Coleman a bad performance review.  The report mentions that Coleman had "recently filed" an EEOC complaint.  Without deciding whether this new allegation is sufficient to plead causality for a Title VII retaliation claim, we conclude that the district court did not abuse its discretion when it denied leave to amend.  "The district court is entrusted with the discretion to grant or deny a motion to amend and may consider a variety of factors . . . ."[19]  Those factors include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , and futility of the amendment."[20]  Coleman previously amended her complaint once and had filed a separate lawsuit out of the same set of facts.  Denial of leave to amend based on her failure to correct her pleadings was not an abuse of discretion.[21]

**B**

As to the ADEA, the district court construed Coleman's amended complaint to allege age discrimination and retaliation claims.  Regarding the discrimination claim, to establish a prima facie case, a plaintiff must prove

---

[19] *Marucci Sports, L.L.C. v. Nat'l Collegiate Athletic Ass'n*, 751 F.3d 368, 378 (5th Cir. 2014).

[20] *Id.* (omission in original) (quoting *Jones v. Robinson Prop. Grp., LP*, 427 F.3d 987, 994 (5th Cir. 2005)).

[21] *See id.*

that: (1) "they are within the protected class," (2) "they are qualified for the position," (3) "they suffered an adverse employment decision," and (4) "they were replaced by someone younger or treated less favorably than similarly situated younger employees."[22]   Coleman alleges that she was "intentionally and maliciously being treated differently than others similarly situated because of her age."   Specifically, she alleges that the SSA intentionally discriminated against her based on her age when scheduling breaks.  As the district court noted, however, Coleman failed to plead her age. She also did not list her age in her response to the SSA's motion to dismiss. That alone is sufficient to dismiss her discrimination claim.[23]   As to Coleman's retaliation claim, the required showing under the ADEA is identical to the Title VII standard.[24]  As explained above, Coleman failed to plead the requisite causation element, so the district court properly dismissed the claim.

## C

Turning to the Rehabilitation Act, the district court construed Coleman's amended complaint to allege disability discrimination, failure-to-accommodate, and retaliation claims.  Central to the disability and failure-to-accommodate claims is a requirement that the plaintiff have a disability.[25]

---

[22] *Leal*, 731 F.3d at 410-11 (quoting *Smith v. City of Jackson*, 351 F.3d 183, 186 (5th Cir. 2003)).

[23] *See id.* at 410.

[24] *Compare Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 496-97 (5th Cir. 2015) (listing the ADEA retaliation elements), *with Leal*, 731 F.3d at 416-17 (listing the same as the Title VII retaliation elements).

[25] *See* 29 U.S.C. § 794(d) (noting that the "standards used to determine whether this section has been violated in a complaint alleging employment discrimination under this section shall be the standards applied under title I of the Americans with Disabilities Act of 1990"); *E.E.O.C. v. LHC Grp., Inc.*, 773 F.3d 688, 697 (5th Cir. 2014) (holding that to establish a prima facie discrimination claim under the ADA, a plaintiff must show "that he

Here, as the district court reasoned, Coleman failed to plead that she has a disability. In the amended complaint, Coleman concluded that she was "intentionally and repeatedly treated differently than others similarly situated because of her disability." She provided detail that she was discriminated against on the basis of her disability when the SSA scheduled daily breaks and lunches and with respect to her compensation. She also stated that she "'repeatedly requested' reasonable accommodations" that the SSA "refused and denied." But Coleman neglected to state the nature and extent of her disability, nor any of the accommodations that she required. Her response to the SSA's motion to dismiss similarly failed to explain the nature of her disability or the accommodations that she required apart from stating that she was in a "car wreck." As a result, the district court properly dismissed these claims.

As for Coleman's retaliation claim, the elements of a retaliation claim under the Rehabilitation Act are identical to Title VII.[26] Again, as explained above, she failed to plead the requisite causation element.

\* \* \*

For the foregoing reasons, the district court's order is AFFIRMED.

---

has a disability") (quoting *Zenor v. El Paso Healthcare Sys., Ltd.*, 176 F.3d 847, 853 (5th Cir. 1999)); *Feist v. Louisiana*, 730 F.3d 450, 452 (5th Cir. 2013) (noting that a plaintiff must allege that he or she is a "qualified individual with a disability" to state a failure-to-accommodate claim under the ADA) (quoting 42 U.S.C. § 12112(a)).

[26] *Compare Seaman v. CSPH, Inc.*, 179 F.3d 297, 301 (5th Cir. 1999) (listing the ADA elements for a retaliation claim), *with Leal*, 731 F.3d at 410-11 (listing the same as the Title VII retaliation elements); *see also* 29 U.S.C. § 794(d) (stating that the ADA standards apply to the Rehabilitation Act).